SMITH *v.* FORD.

4-6512          157 S. W. 2d 199

Opinion delivered December 8, 1941.

*Ras Priest* and *C. M. Erwin*, for appellant.

*Preston W. Grace*, for appellee.

HUMPHREYS, J.   This suit was brought in the chancery court of Jackson county by the owners of lot 2, block 6 of the city of Newport, Arkansas, against appellee to cancel and remove as a cloud upon their title a deed from the Commissioner of State Lands based upon a sale of said lot to the State of Arkansas in 1932 for an alleged forfeiture of 1931 taxes.

It is alleged that the tax forfeiture was void because included in the taxes for which the lot was sold was a 5-mill tax on the dollar of the assessed value of said lot for the benefit of the incorporated city of Newport when, as a matter of fact, no such tax was levied by the city council of Newport upon said lot as provided by § 9655 of Pope's Digest, which is as follows: ''The council of any municipal corporation may, on or before the time fixed by law for levying county taxes, make out and certify to the county clerk the rate of taxation levied by said municipal corporation on the real and personal property within such city or town. The amount so certified shall be placed upon the tax book by the county clerk of the county and collected in the same manner that state and county taxes are collected.''

Appellee filed an answer denying the material allegations of the complaint.

The cause was submitted to the court upon the issue joined and testimony introduced by the respective parties resulting in a decree dismissing appellants' complaint for the want of equity and adjudging the title and possession of said lot to appellee, from which is this appeal.

The only testimony introduced by appellants was the evidence of the recorder of Newport, who was the custodian of the records of said city. He testified that he had made a search of the records and was unable to find a resolution of the city council levying a 5-mill tax on the lands in the city for the year 1931. He produced and introduced as a part of the evidence the minutes of the proceedings of the city council for the year 1931 and testified that no mention of a 5-mill tax levy appeared in them.

Appellee then introduced J. M. Baltz, deputy county clerk, who testified that he held in his hands County Record ''W'' of the records of Jackson county and from this record he read, over the objections and exceptions of appellants, at page 373, the following:

''In the matter of

''Resolution of City Council.

''To J. L. McLain, County Clerk within and for Jackson County, Arkansas.

''At a regular meeting of the city council of the city of Newport, Arkansas, held in the council chamber of said city on the 7th day of Sept., 1931, the following members of said city council were present, to-wit: Mayor P. H. Van Dyke, Aldermen J. N. Lewis, E. G. Wallace, H. O. Walker, G. K. Stephens, and J. W. Martin, and the following resolution was introduced and its adoption moved by Alderman H. O. Walker, and said motion was seconded by Alderman G. K. Stephens, to-wit:

''Resolution (By Alderman H. O. Walker)

''Be it resolved by the city council of the city of Newport, that a tax for general purposes of 5 mills on the dollar, based upon the appraisement of the county assessor, as equalized for the levy of state and county taxes,

and placed upon the tax books by the county clerk of the Jackson county court, be and the same is hereby levied for the year 1931, upon all taxable property of every kind and nature situate within the corporate limits of the city of Newport, Jackson county, Arkansas.

"On roll call the vote on said resolution and motion was as follows: The Hon. P. H. Van Dyke, Mayor, voted yes: Alderman H. O. Walker voted yes: Alderman E. G. Wallace voted yes: Alderman J. N. Lewis voted yes: Alderman J. W. Martin voted yes: Alderman G. K. Stephens voted yes: Alderman W. R. Pratt absent: and thereupon the mayor declared said resolution adopted.

"Certificate

"State of Arkansas
"County of Jackson
"City of Newport.

"I, B. G. Graham, as recorder of the city of Newport, Jackson county, Arkansas, do hereby certify that the above and foregoing is a true and correct copy of the resolution adopted by the city council of the city of Newport at a regular meeting of said council held on the 7th day of September, 1931.

"In witness whereof, I have hereunto set my hand and affixed the seal of said city on this the 7th day of September, 1931.

"B. G. Graham, Recorder."

The record entry read was made in the proceedings of the county court on October 5, 1931.

It is true that the minutes of the city council for the year 1931 do not show that a levy for 5 mills was made on the property in said city, but this does not necessarily mean that the city council did not make the levy. According to the certificate of B. G. Graham, recorder of the city of Newport for the year 1931, made to the county clerk of Jackson county, as required by § 9655 of Pope's Digest, at a regular meeting of the city council of said city, held in the council chamber on the 7th day of September, 1931, the council levied a 5-mill tax on the dollar,

based upon the appraisement of the county assessor, for the benefit of said city. Said certificate shows that the resolution to levy the tax was introduced by Alderman H. O. Walker, and adopted on roll call by the vote of Hon. P. H. Van Dyke, Mayor, and Alderman H. O. Walker, Alderman E. G. Wallace, Alderman J. N. Lewis, Alderman J. W. Martin and Alderman G. K. Stephens and that Alderman W. R. Pratt was absent, and thereupon the mayor declared said resolution adopted. Appellant argues that the certificate of the recorder, setting out the proceedings of the city council in making the levy by resolution, amounts to allowing a levy of taxes to rest in parol and proved by parol. We do not think so because the certification of the levy of the tax is provided for by § 9655 of Pope's Digest. The certification of the recorder was duly entered in the proceedings of the county court on October 5, 1931. The introduction of this certificate and the contents thereof was the introduction of a record made at the time of the certification of the proceedings of the council. This record was introduced as a part of the evidence and cannot be regarded as parol evidence. It was record evidence. Under § 5140 of Pope's Digest the lawful order of any court, in the custody of any officer, verified by his affidavit, is allowable in evidence to the same extent as the original order itself.

We think the certificate of B. G. Graham, recorder of the city of Newport, sworn to and filed with the county clerk to the effect that the city council had passed a resolution levying the 5-mill tax on the 7th day of September 1931, which was entered in the proceedings of the county court on October 5, 1931, was admissible to show what the city council did in reference to levying the 5-mill tax on all the taxable property of every kind and nature situated within the corporate limits of the city of Newport, Jackson county, Arkansas.

Under this evidence the court correctly found that the 5-mill tax had been duly levied and extended against the property and sold for the non-payment of the tax to the state of Arkansas and that the deed obtained by

appellee from the Commissioner of State Lands conveyed the title and the right to possession of said lot to appellee.

The decree of the court is, therefore, affirmed.