ADAMS *v.* SIMS.

5-3378                                      385 S. W. 2d 13

Opinion delivered November 23, 1964.

[Rehearing denied January 11, 1965.]

*Frank Lady,* for appellant.

*Henry S. Wilson,* for appellee.

E. J. BUTLER, Special Associate Justice. This is a suit instituted by certain citizens and taxpayers of the City of Trumann, Arkansas, in their individual capacities and as members for and in behalf of the Trumann Anti-Urban Renewal Association, Appellants, against the City of Trumann, Arkansas, its Mayor, Members of its City Council, Members of the Trumann Urban Renewal Agency, and its Executive Director. Appellees, seeking an injunction to permanently restrain and enjoin the Appellees from taking any action of any type in regard to the proposed Speedway Renewal Project ARK R-33, for the City of Trumann, and requesting the Court to declare the proposed plan and any and all documents issued or made in connection therewith by or in the name of the City of Trumann, its Mayor and Urban Renewal Agency to be null and void.

The Decree of the lower Court upheld the validity of all proceedings of Appellees pertaining to the Trumann Urban Renewal Agency, Plan and Feasibility of Relocation for Speedway Urban Renewal Project ARK R-33, except the "Cooperation Agreement" between the City of Trumann, Arkansas, and the Urban Renewal Agency of the City of Trumann, Arkansas, executed on April 18, 1963, which the Court held to be void and unenforceable. The Appellants appealed from the holding of the lower Court and assigned eleven errors as grounds for reversal. The Appellees did not take a cross-appeal from the holding of the lower Court that the "Coopera-

tion Agreement'' of April 18, 1963 was void and unenforceable. Therefore, the question of the validity of the ''Cooperation Agreement'' will not be considered by this Court.

Even though the Appellants in their brief assigned eleven errors alleged to have been committed by the lower Courts as grounds for reversal, it is apparent that they all boil down to three principal issues, namely: (1) the validity of the proceedings of the City Council of Trumann, Arkansas in setting up the Urban Renewal Agency, authorizing it to transact business and exercise powers, and in approving the Urban Renewal Plan and feasibility of relocation for Speedway Urban Renewal Project ARK R-33, in the City of Trumann; (2) the constitutionality of the Arkansas Urban Renewal Statutes under which the Urban Renewal Agency was created in the City of Trumann and under which the plan for Speedway Urban Renewal Project ARK R-33 was approved; and, (3) the assessing of the costs of this case.

The City Council of Trumann, Arkansas, in January of 1962, passed a resolution activating an ''Urban Renewal Agency'' for said municipality. Arkansas Statutes, 1947 Ann. Section 19-3063.8. The Commissioners were appointed pursuant to statutes and the Urban Renewal Agency began functioning. Arkansas Statutes, 1947 Ann., Section 19-3063.9. For the next two years this Urban Renewal Program received considerable publicity in the City of Trumann through news articles and legal notices published in ''The Trumann Democrat,'' and other news media having substantial circulation in the City. On December 27, 1962, the City Council of Trumann adopted a resolution approving the Urban Renewal Plan and feasibility of relocation for Speedway Urban Renewal Project ARK R-33. Arkansas Statutes, 1947 Ann., Section 19-3063.11.

The Appellants assign as error the admission by the lower Court as evidence in the case Appellants' Exhibits No. 1, 2, 3, 4, 6, 7, 8, 9, 10 and 11 on the grounds that they were certified copies of documents not re-

corded or on file in the office of the City Clerk, and that their admittance violated the Best Evidence Rule. The testimony of John H. Meeks, City Clerk, does not substantiate this contention, and it is clear that copies of resolutions, ordinances and by-laws of municipal corporations certified by its clerk may be received in evidence with as much effect as the originals. Arkansas Statutes, 1947 Ann., Sections 19-2405 and 19-2404. While the Court does not contenance nor encourage carelessness on the part of city officials or the keeping of inadequate city records, the ordinances, resolutions or acts of municipal councils will not be invalidated if it appears from the record that the proceedings were regular and in substantial compliance with the law, and presumptions will be indulged in favor of the validity of the corporate action. McQuillin, Municipal Corporations, Vol. 5, 3rd Ed., Sections 14.01 and 14.03. The weight of authority recognizes that most corporate acts can be proven as well by parole evidence as by the introduction of written instruments. The fact that the records of a city failed to disclose actions by its city council is not conclusive that the council did not take same. Parole evidence is permissible to establish the real facts of corporate acts in the absence of records, or where the record which it kept is so meager where the particular transaction, act or vote is not disclosed. *Smith* v. *Ford,* 203 Ark. 265, 157 S. W. 2d 199; *McGee* v. *Mainard,* 208 Ark. 188 S. W. 2d 635; *Handley* v. *Stutz,* 139 U. S. 422, 11 S. Ct. 532, 35 L. Ed. 232; *Crebs* v. *City of Lebanon,* 98 Fed. 459; *Traction Company* v. *Canal Company,* 1 Pa. Sup. Ct. 409; McQuillin, Municipal Corporations, Vol. 5, 3rd Ed., Sections 14.08 and 14.09.

The contention of the Appellants that the actions of the Trumann City Council and Special Council Meetings were void in that the requirements under Ordinance No. 6 of the City of Trumann were not met in calling the Special Meetings, is not well taken. It appears from the record that in each instance there was proof that all the Council Members either had notice or had executed waivers of notice and consent to the Special Meetings. It has been held that the proceedings of special meetings

of city councils are valid and legal if all the members had notice and that there was sufficient number present to transact business. *City of Mena* v. *Tomlin Bros.*, 118 Ark. 166, 175 S. W. 1187; *City of Greeley* v. *Hammon*, 17 Colo. 30, 28 Pac. 460.

The Appellants contend that the resolution entitled "The Urban Renewal Plan for Speedway Urban Renewal Project ARK R-33, Trumann, Arkansas" which is identified in the record as Appellants' Exhibit No. 1, and which was adopted on December 27, 1962, is void because it was not authenticated and published in accordance with provisions of Arkansas Statutes, Section 19-2404, and was not distinctly read on three different days, and does not contain a proper title as required by the provisions of Arkansas Statutes, Section 19-2402.

Act No. 40 of the General Assembly of Arkansas for the year 1961, Sections 1 and 2 (Arkansas Statutes, 1947 Ann., Sections 19-3063.7 to 19-3063.11, inclusive) provide that the actions of a city council in activating an "Urban Renewal Agency" appointing commissioners and adopting plans for Urban Renewal Projects can be accomplished by resolutions. Therefore, it was not necessary that the resolutions passed by the City Council of Trumann on January 10, 1962, activating the Urban Renewal Agency and on December 27, 1962, approving the Urban Renewal Plan be authenticated and published, as in this instance Arkansas Statutes, Section 19-2404 is not applicable to resolutions, but only applies to by-laws of ordinances. The instant case is distinguished from the case of *McClellan, Mayor* v. *Stuckey, et al.*, 196 Ark. 816, 120 S. W. 2d 155, since the resolutions here involved are not of a general and permanent nature. Arkansas Statutes, Section 19-2402, which provides for the reading of ordinances on three separate days is not applicable in this instance because it specifically states that it applies only to by-laws and ordinances of a general or permanent nature and it does not specify that resolutions be specifically and distinctly read on three different days. Since the Urban Renewal Act only requires resolutions, this Section of the Statutes would not apply to the resolution

passed by the City Council of Trumann on December 27, 1962, entitled "The Urban Renewal Plan for Speedway Urban Renewal Project ARK R-33," because said resolution was not an ordinance and could not be construed under previous decisions of this Court to be of a general or permanent nature.

In the case of *City of El Dorado* v. *Citizens' Light & Power Co.,* 158 Ark. 550, 250 S. W. 882, this Court said, referring to what is now Section 19-2402, Arkansas Statutes, 1947:

". . . The test as to the requirement of the statute is whether or not the ordinance is one of a 'general or permanent nature,' and unless it falls within that class the statute requiring a reading on different days or a suspension of the rule has no application. The fact that the franchise created by the ordinance runs for a long period of time does not make it general or permanent. Of course, all ordinances enacted by city councils are not permanent in the sense that they cannot be repealed; but those which endure until repealed are deemed to be permanent, and all others are not permanent. Ordinances of a general nature are those which are general and uniform in their application."

It is clear from the record that the Trumann Urban Renewal Plan for Speedway Urban Renewal Project ARK R-33 is neither general or permanent. The Plan invoked by the Trumann City Council on December 27, 1962 does not encompass the whole City of Trumann, and, therefore, is not general, and the said Plan will be effective by the terms of the Resolution only for a term of twenty years, and, therefore, is not permanent. It is also apparent that the adoption of the Speedway Urban Renewal Project by resolution of the City Council of Trumann did not purport in any way to adopt a zoning plan.

Arkansas Statutes, Section 19-2404, refers only to by-laws or ordinances of a general and permanent nature and the same reasoning and interpretation applies to the resolutions involved in this litigation as has been stated hereinbefore pertaining to Arkansas Statutes, Section

19-2402. Under the facts in this case and the statutes controlling, it was not necessary for the City Council of Trumann to read the resolutions involved on three separate days, nor was it necessary that the said resolutions be authenticated and published.

The contention of the Appellants that Plaintiffs' Exhibit No. 1, entitled "The Urban Renewal Plan for Speedway Urban Renewal Project ARK R-33" is void in that it does not contain a proper title required by provisions of Arkansas Statutes, Section 19-2402, must be rejected, as it is apparent that one subject is clearly expressed in its title. This Court is compelled to conclude that the Urban Renewal Plan for Speedway Urban Renewal Project ARK R-33, Trumann, Arkansas, was adopted by the City Council of Trumann in compliance with the provisions of Act 212 of the Acts of Arkansas for 1945 as amended by Act 189 of the Acts of Arkansas for the year 1957, and Act 40 of the Acts of Arkansas for the year 1961. The findings of the Chancellor in the lower Court are supported by the weight of the evidence which is contained in the record on appeal.

The Court cannot accept the Appellants contentions that the Urban Renewal Agency of Trumann, Arkansas and the Urban Renewal Plan for Speedway Urban Renewal Project ARK R-33, Trumann, Arkansas, is unconstitutional because the agency and the plan violates Sections 13 and 22 of Article II of the Arkansas State Constitution and Amendment No. 14 of the Constitution of the United States. The constitutionality of similar Acts of the Arkansas Legislature creating Urban Renewal and Housing Authorities in the State of Arkansas and providing procedures for operation have already been decided, and this Court has held same to be constitutional. *Hogue* v. *Housing Authority of North Little Rock*, 201 Ark. 263, 144 S. W. 2d 49.

In the case of *Kerr* v. *East Central Arkansas Regional Housing Authority*, 208 Ark. 625, 187 S. W. 2d 189, this Court stated:

"An act must be held valid, unless something in Constitution restrains Legislature from saying that des-

ignated course of conduct or policy is for public welfare or thing authorized by act is so demonstrably wrong that reasonable people would not believe it to be legislative intent.''

In the case of *Rowe* v. *Housing Authority of the City of Little Rock,* 220 Ark. 698, 249 S. W. 2d 551, this Court upheld the constitutionality of Act 212 of the General Assembly of Arkansas for the year 1945, commonly known as the ''Urban Redevelopment Law'' or the ''Blighted Area Law.'' The provisions of Act No. 189 of the Acts of 1957, and of Act No. 40 of the Acts of 1961, amending Act 212 of 1945 (the same being contained in Arkansas Statutes 1947 Annotated, Sections 19-3063.1 to 19-3063.11) do not violate the constitutional provisions relied on by the Appellants in this case.

It should not be overlooked that one provision of the Trumann Urban Renewal Plan reads as follows:

''C 2 c. It is specifically noted that the adoption of this Urban Renewal Plan does not constitute an adoption of the proposed zoning plan; but shows the intent of the City Council to consider its adoption through the regular procedures prescribed by the Arkansas law on city planning and is herein included for informational purposes.''

If the Urban Renewal Agency cannot reach an agreement on price with the landowners in the project area, then the procedures under the eminent domain statutes must be invoked and the land and property cannot be taken without just compensation.

In the case of *Watson* v. *Harris,* 214 Ark. 349, 216 S. W. 2d 784, this Court held that it was the actual taking or damaging of lands for public use rather than any plan or purpose to take or damage same that under State and Federal Constitutions must be compensated.

. This Court stated in the case of *Rowe* v. *Housing Authority of the City of Little Rock, supra:*

''To cite, much less discuss, all of the cases involving Housing Authority legislation would consume pages.

Most of these cases are collected in the Annotations in 130 A.L.R. 1069 and 172 A.L.R. 966. See also *Redfern v. Board of Commissioners of Jersey City,* 137 N. J. L. 356, 59 A. 2d 641; In the Matter of Slum Clearance in the City of Detroit, 331 Mich. 714, 50 N. W. 2d 340; and Opinion to the Governor, 76 R. I. 249, 69 A. 2d 531. Regardless of the wisdom of the legislation, we cannot say that the Act 212 is unconstitutional as regards the four grounds on which it is here assailed.''

In this case, regardless of the wisdom of the legislation, we cannot say that Act 189 of 1957 and Act 40 of 1961 are unconstitutional as regards the three grounds on which they are here assailed. Nor do we find in the facts of the case any Acts on the part of the Appellees beyond the purview of these Statutes that are in violation of the constitutional grounds raised by the Appellants.

The finding and order of the Chancellor that the respective parties hereto pay their own costs incurred in connection with this litigation should be sustained.

The Decree is affirmed.

HARRIS, C. J., and GEORGE ROSE SMITH, J., disqualified and not participating.

McFADDIN & JOHNSON, JJ., and DALE PRICE, Special J., dissent.

ED. F. McFADDIN, Associate Justice (dissenting). The Majority Opinion clearly states the three points, and my dissent goes only to the first of these.[1] I am convinced that the proceedings of the City Council of Trumann of December 27, 1962, and all subsequent proceedings, are invalid. The City Council should be required to publish the resolution of that date and then have subsequent proceedings. It must be borne in mind

---

[1] As stated in the Majority Opinion the first point is: "The validity of the proceedings of the City Council of Trumann, Arkansas, in setting up the Urban Renewal Agency, authorizing it to transact business and exercise powers, and in approving the Urban Renewal Plan and feasibility of relocation for Speedway Urban Renewal Project ARK R-33, in the City of Trumann; . . ."

that on December 27, 1962, the City Council of Trumann by resolution approved the Urban Renewal Plan, *but the resolution was never published, as required by law.*

The Majority Opinion says that the City Council's action was only a "resolution" and therefore .did not have to be published; but my answer to that statement is the decision of this Court in *McClellan* v. *Stuckey,* 196 Ark. 816, 120 S. W. 2d 155. In that case, the City Council (of Lepanto) adopted one "resolution" authorizing and another approving a special census, which had the effect of changing Lepanto from a town to a city of the second class. Neither of the resolutions was ever published; and this Court held that the failure to publish the resolutions was fatal to the proceedings. Mr. Justice McHaney, speaking for a unanimous Court, said:

"Two resolutions of the city council were passed, one on October 14, acting upon the petition of ten or more residents, in which enumerators were appointed to take a census, and the other was passed on November 26, 1935, as the result of which the town was advanced to a city of the second class. Section 9559 of Pope's Digest provides that all by-laws, or ordinances, of a general or permanent nature and those imposing any fine, penalty or forfeiture shall be published in some newspaper of general circulation in the corporation . . . The trial court held that the resolutions above mentioned, of October 14 and November 26, were within the purview of that section of the Digest and should have been published. We think the court was correct in so holding. It is immaterial that these enactments of the city council were designated as resolutions. The effect was to provide for a new and different form of government for the municipality which did affect all of the people thereof, and there could have been no good reason why they should not be published, unless to keep the people in ignorance of what the mayor and council were undertaking to do."

The § 9559 of Pope's Digest mentioned in the above quoted opinion as requiring publication, said: ", and

all by-laws or ordinances of a general or permanent nature, and of those imposing any fine, penalty or forfeiture, shall be published in some newspaper of general circulation in the corporation . . .'' The above quoted language was held to cover a resolution on a special census in Lepanto. The same identical language is found in Ark. Stat. Ann. § 19-2404 (Repl. 1956) as the governing law today regarding publication; and if the quoted language applied to a resolution as was held in *McClellan* v. *Stuckey*, it would certainly apply to a resolution like the one here involved. The holding in *McClellan* v. *Stuckey* is ruling in the case at bar. The City Council of Trumann passed a resolution which set up the Urban Renewal Authority, which for a long period of years has the power of eminent domain (Ark. Stat. Ann. § 19-3015 (Repl. 1956) and can take in fee and forever the property of citizens. Such is of a rather permanent nature!

I cannot distinguish the *McClellan-Stuckey* case from the one at bar; and therefore I am compelled to dissent on this one point. Why not publish the resolution of the City Council in a newspaper, as provided by law, and let people generally know then and there what was proposed to be done in the community and what were the conditions the federal government would impose on those accepting federal money? The spotlight of publicity is required by law, and this Court should do nothing to let it be avoided.

For the reasons herein stated, I respectfully dissent.

DALE PRICE, Special Justice (dissenting). I respectfully dissent from the holding of the majority in this case, and I concur in the dissenting opinion of Justice McFaddin.

The majority has passed upon the power of the Legislature to delegate to an agency certain powers which it may exercise, including the power of eminent domain. While I find no fault with the citations and pronouncements made by the majority in that regard, they have remained silent upon the constitutional question posed by the appellant.

Appellant maintained that Speedway Urban Renewal Project was unconstitutional in that it applied to the entire 47.91 acres in the tract. Yet only 27.52 acres were to be acquired by the Agency. The majority opinion infers that Section C 2 c of the plan quoted in the opinion does not make the proposed zoning provisions applicable and therefore places no new burdens or restrictions upon the landowners whose lands are not being condemned. The zoning plan referred to consists of only one map, which is designated as URP4 and entitled "Proposed Zoning Plan." In addition to the zoning plan there are thirty-two pages of strict controls affecting the entire tract, whether or not it be taken by the agency.

Article II, Section 22 of the Arkansas Constitution provides:

"The right of property is before and higher than any consttiutional sanction; and private property shall not be taken, appropriated, or damaged for public use without just compensation therefor."

This Court has held in *Shellnut* v. *Arkansas State Game and Fish Commission*, 22 Ark. 25, 258 S. W. 2d 570, in dealing with a question similar in principle to the present case, that:

"Even though Constitutional Amendment No. 35 gives broad powers to the Commission, nevertheless, the Commission is subservient to, and bound by, Art. 2, Sec. 22 of the Constitution, which reads:

"* * * private property shall not be taken, appropriated. or damages for public use, without just compensation therefor. "

It is not necessary that the property should be completely taken in order to bring the case within the protection of this Constitutional guaranty. It is only necessary that there be such serious interruption of the common and necessary use of the property as to interfere with the rights of the owner. See *Pumpelly* v. *Green Bay*

*& Mississippi Canal Co.,* 13 Wall. 166, 80 U. S. 166, 20 L. Ed. 557.

(2) The effect of the Commission's "Special Regulation" of 1950 was to seriously restrict the appellants' use of their lands, and was, therefore, violative of the quoted Constitutional provision."

Regardless of whether the improper power to be exercised be called a "regulation" as in the *Shellnut* case, or a "plan" as in the instant case, the effect is the same, and it constitutes an appropriation or taking of property without just compensation.

The landowners within the project whose property is not being condemned and paid for by the agency must still bear with and comply with the requirements of the agency. The majority opinion cites the opinion of *Rowe* v. *Housing Authority of the City of Little Rock, supra,* yet it is distinguishable from the instant case in that THE ENTIRE ten-acre tract was acquired by the agency by eminent domain proceedings and just compensation was paid to ALL the affected landowners. I would declare the ordinance adopting the plan unconstitutional.

I am permitted to state that Justice Johnson joins in this dissent.