The Honorable M.W. (Mike) Dugger State Representative Route 2, Box 228 Hope, AR 71801
Dear Representative Dugger:
This is in response to your request for an opinion on several questions involving the authority of a county quorum court. Your specific questions are restated and answered in the order presented.
(1) Does the Quorum Court have the legal authority to present and pass an ordinance at a special called meeting to receive bids on another matter?
Arkansas Code of 1987 Annotated 14-14-904 must be considered in response to this question. Subparagraph (c) of 14-14-904 states:
 SPECIAL MEETINGS OF QUORUM COURT. The county judge or a majority of the elected justices may call a special meeting of the quorum court upon at least twenty-four (24) hours' notice in such manner as may be prescribed by local ordinance. In the absence of procedural rules, the county judge or a majority of the elected justices may call a special meeting of the quorum court upon written notification of all members not less than two (2) calendar days prior to the calendar day fixed for the time of the meeting. The notice of special meeting shall specify the subjects, date, time, and designated location of the special meeting.
It is apparent from a reading of 14-14-904(c) that any pertinent local ordinance must first be consulted to determine whether local procedural rules impose any limitations with respect to matters that may be considered in a special meeting. Local rules may preclude consideration of matters other than those cited in the special meeting notice. However, it must also be noted that while A.C.A. 14-14-904(c) will, in the absence of such rules, require written notice to quorum court members specifying, inter alia, the subject(s) of the meeting, this Arkansas Code provision does not expressly preclude consideration of other matters.
We find no Arkansas cases directly on point, and there appears to be a conflict of authority among other jurisdictions concerning the powers which may be exercised at special meetings, See 20 C.J.S. Counties 88 (1940). The Arkansas Supreme Court has stated that proceedings at special meetings of city councils are valid and legal if all of the members had notice and there was a sufficient number to transact business. Adams v. Sims, 238 Ark. 696,385 S.W.2d 13 (1964). The court also noted in that case that all presumptions will be indulged in favor of the validity of the corporate action. 238 Ark. at 699. However, the court did not indicate whether business is limited to that specified in the special meeting notice.
A legitimate question may arise under circumstances indicating that a quorum court significantly departed from the subject(s) specified in a special meeting notice. However, it is my opinion that a court would resolve this question in favor of the quorum court's passage of the particular Ordinance attached to your correspondence. It appears that the Ordinance does address the same general subject matter set forth in the Journal of Proceedings. And as previously noted, all presumptions will be indulged in favor of the Ordinance. See Adams v. Sims, supra.
(2) Does the Quorum Court have the legal authority to designate by ordinance the Assessor as the official to make the books, assessor's records, and collector's statements for the current year, without first discussing this ordinance with the Assessor, or even giving her a copy of this ordinance prior to the meeting named above?
As previously noted, members of the quorum court must be notified of special meetings under A.C.A. 14-14-904(c), and this notice must specify the subject(s) of the meeting. Section 14-14-904(c) does not extend the notice requirement to other persons, nor are we aware of any provision mandating the circulation of proposed ordinances. Local procedural rules must, however, also be reviewed.
It should also be noted in this regard that the quorum court is required by law to adopt rules ". . . which afford citizens a reasonable opportunity to participate prior to the final decision." A.C.A. 14-14-109(b). These rules must also be considered in determining what, if any, requirements have been imposed with respect to the review and circulation of proposed ordinances prior to quorum court meetings. While we find no such requirements under state law, local procedural rules could conceivably address this matter.
(3) Does the Quorum Court have the legal authority to refuse to fund the Assessors office for these duties as provided by law, for defraying the cost of performing these duties and refuse to prorate any expense to the Collector or the County Clerk?
A.C.A. 26-28-102 states as follows:
 (a)(1) Whenever any county in this state shall desire or elect, by appropriate action, to acquire, lease, rent, or otherwise provide for the use of electronic data processing equipment, commonly referred to as a computer, to keep the assessment records, to prepare the tax books, and to prepare the collector's records and receipts for property taxes, the quorum court, by ordinance, may designate the appropriate county officer to be responsible for the maintenance and operation of the computer and the preparation of the tax books. (2)(A) If any county office, other than the county clerk, is designated to prepare the tax books, that office shall be reimbursed in the manner provided by law. (B) If the assessor is designated as the agency to keep the assessment records, prepare the tax books, and prepare collector's receipts by use of electronic data processing equipment, the cost shall be prorated among the respective taxing units in the same manner as is provided by law for defraying the cost of operating the assessor's office. (b) When any county acquires, leases, rents, or otherwise provides for the use of electronic data processing equipment for the purposes prescribed in subsection (a) of this section, the quorum court may, by ordinance, authorize the use of the equipment for any other appropriate county purposes and may provide for prorating the costs thereof among the various county offices.
Thus, in response to your question, it appears that the costs incurred under A.C.A. 26-28-102 are prorated among the taxing units in accordance with A.C.A. 14-15-203 which governs the contribution of funds for the payment of salaries and expenses incurred by county assessors and their deputies in the performance of their official duties. A.C.A. 14-15-204 sets forth the method by which the county assessor files a claim for salaries and expenses. While the county court may authorize advance transfers from the collector's unapportioned fund or the county general fund [see 14-15-204(b)(2)], it appears that county warrants in payment of the assessors' claims are payable from the assessor's fund.
We find no authority for prorating any expense among the collector and/or the county clerk, nor is the county court required to authorize advances from the county general fund or the collector's unapportioned fund. Any advances that are authorized must be repaid at the time of final settlement. See A.C.A. 14-15-204(b). It should be noted, however, that the county's obligation to provide necessary services for its citizens includes real and personal property tax administration, including assessments, collection, and custody of tax proceeds. A.C.A. 14-14-802(a)(3). It may be successfully contended that the county must fund the assessor's office if the services required by law cannot be provided without the county's assistance.
(4) Does the Quorum Court have the legal authority, by ordinance, to give the Assessor the duties of making the tax books, assessor's records, and the collector's statements, and give the County Clerk the duties of maintenance and operation of the computer in her office?
It must be initially noted that we are somewhat uncertain with respect to the purpose to be achieved through designation of one officer who is responsible for the maintenance and operation of the computer, and another in connection with preparation of the tax records. Obviously, the officer responsible for preparing the records will be operating the computer.
Other Arkansas Code provisions do, however support the proposition that the quorum court has the authority to prescribe the functions of all county offices and to reassign functions, so long as the quorum court's action in this regard does not alter the obligation of the county to continue providing a required function or service. See A.C.A. 14-14-702 and 14-14-807. While it is my opinion that Act 522 of 1975 (A.C.A. 26-28-102) contemplates centralization of responsibility for maintaining and operating the computer in preparing the tax records, it may be successfully contended that duties and functions in this regard may be shared. Duplication must, however, the avoided; and the designation of functions must not alter the county's obligation to provide tax administration services.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
STEVE CLARK Attorney General