The Honorable Jim Lendall State Representative P.O. Box 55555 Little Rock, AR 72225
Dear Representative Lendall:
This is in response to your request for an opinion on the following question:
 Which one of the following three documents legally determines what actions can be taken in special called meetings of a county Quorum Court, when the wording or intent differs in each:
A — A Notice announcing a called meeting B — A published legal notice C — The meeting's Agenda
While there appears to be no state law designating one of these documents as necessarily controlling, Arkansas Code of 1987 Annotated 14-14-904 does establish certain notification requirements that may offer some guidance. This provision governs general quorum court procedures, and states that in the absence of local procedural rules, written notification of a special meeting must be provided to quorum court members not less than two (2) calendar days prior to the meeting. A.C.A. 14-14-904(c). This subsection also states that "[t]he notice of special meeting shall specify the subjects, date, time, and designated location of the special meeting." Id.
There is no authority in Arkansas on the question of whether quorum court business is limited by state law to that specified in a special meeting notice.[1] It appears, moreover, that there is a conflict of authority among other jurisdictions concerning the powers which may be exercised at special meetings. See, generally, 20 C.J.S. Counties 88 (1940). It may reasonably be concluded, however, that a legitimate question will arise under circumstances indicating that a quorum court significantly departed from the subject(s) specified in a special meeting notice. See A.G. Op. No. 88-100, p. 2 (copy enclosed). The notice required under A.C.A.14-14-904(c) may, therefore, in certain instances gain greater significance than a published legal notice or an agenda. A court would, however, in my opinion, consider all of the surrounding facts and circumstances in order to determine whether there was sufficient notice. See, generally, Adams v. Sims, 238 Ark. 696,385 S.W.2d 13 (1964). And it must be recognized that all presumptions will be indulged in favor of the validity of the quorum court's actions. Id.
It is thus apparent that a definitive response to your question requires consideration of the particular circumstances in each instance. The foregoing should, however, offer general guidance in addressing the matter.
With regard to the specific instance reflected in the documents attached to your request (involving the Pulaski County Quorum Court's April 6th appointment of Rita Gruber as County Judge), the particular County's local rules must be considered. Section 2-17(b) of the Pulaski County Code states that the notice of the special meeting shall include "the general purpose of the meeting" and that "[o]nly business stated in the notice of the calling of the special meeting shall be considered at such meeting." A review of the special meeting notice dated April 3, 1989 indicates that the general purpose was to adopt a resolution declaring the position of County Judge vacant and to "discuss a replacement." While a definitive answer could of course only be obtained through the courts, it may be successfully contended that filling the vacancy by appointment falls within the business stated in the notice. It is significant to note in this regard that the notice requirement under the local rules is limited to the "general purpose" of the meeting. And, as previously stated, all presumptions will be entered in favor of action taken by the quorum court.
It should also be noted, however, that in this particular instance the Pulaski County Quorum Court subsequently ratified the resolution entered at its previous special meeting. The notice of the special meeting at which this ratification occurred (copy enclosed) clearly complies with A.C.A. 14-14-904(c). Any specific question with regard to actions taken by the Pulaski County Quorum Court in this regard would therefore appear to be moot.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
[1] Local rules should, however, be consulted. See discussion, infra.