Charles L. Robinson, CPA Legislative Auditor Legislative Joint Auditing Committee State Capitol, Room 172 Little Rock, AR 72001
Dear Mr. Robinson:
This is in response to your request for an opinion on the following question:
 Where there is no documentation in the city council's minutes regarding the payment of the Mayor's dependent health and life insurance premiums paid from 1986 through August 31, 1990, may the present city council subsequently pass an ordinance permitting the payments, retroactive to 1986?
Although our research has not disclosed any Arkansas case law directly on point, there is general authority for the proposition that an ordinance may be given retroactive application if it is clear that such was the intent in passing it. 62 C.J.S.Municipal Corporations § 443 (1949). And the governing body may, by curative acts, generally validate defective ordinancesId. at § 432.[1]
The following statement by the Arkansas Supreme Court may also offer guidance in this instance:
 The weight of authority recognizes that most corporate acts can be proven as well by parole evidence as by the introduction of written instruments. The fact that the records of a city failed to disclose actions by its city council is not conclusive that the council did not take same. Parole evidence is permissible to establish the real facts of corporate acts in the absence of records, or where the record which is kept is so meager where the particular transaction, act or vote is not disclosed. [Citations omitted.]
Adams v. Sims, 238 Ark. 696, 699, 385 S.W.2d 13 (1964).
It is therefore my opinion that there is general authority for the passage of such an ordinance.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:arb
[1] Where, however, the records show a valid ordinance, they cannot be attacked by parol evidence. Lewis v. Forrest CitySpecial Imp. District, 156 Ark. 356, 363, 248 S.W. 280 (1923).