The Honorable Paul Miller State Senator Post Office Box 488 Melbourne, Arkansas 72556
Dear Senator Miller:
You have requested my opinion on the following questions concerning city council proceedings:
 1. Are there restrictions or definitions on what can be categorized as an "emergency" meeting of a city council of a second-class city?
 2. Is it improper for the Mayor of a second-class city to encourage council members to not attend a scheduled council meeting because one or more council members cannot be present?
RESPONSE
In response to your first question, according to my review, the Arkansas Freedom of Information Act ("FOIA") is the only state law that uses the term "emergency" in connection with meetings of a city council.[1] State law regarding council meetings instead speaks of "regular" and "special" meetings.[2] Based on my *Page 2 
research of state law, the answer to your second question is generally "no." My research has yielded no provision that plainly precludes such action by a mayor.
Question 1 — Are there restrictions or definitions on what canbe categorized as an "emergency" meeting of a city council of asecond-class city?
With the exception of the FOIA, state law regarding meetings of a city council speaks only in terms of "regular" and "special" meetings. And these terms are undefined. It seems reasonable to surmise that a special meeting might be occasioned by an emergency, which is generally defined as "a sudden, urgent, usually unexpected occurrence or occasion requiring immediate action."[3] But I cannot speculate further in the absence of any governing language in state law. It may be necessary, moreover, to consider any local procedural measures that the council might have adopted.[4] I do not have access to any such measures. Questions in that respect must be referred to local counsel for the particular city at issue.
It bears noting, however, regarding special meetings, that the Arkansas Supreme Court has held that "the proceedings of special meetings of city councils are valid and legal if all the members had notice and that there was sufficient number present to transact business."[5]
Finally, with regard the FOIA, the amount of notice required for a meeting of a public entity to comply with the FOIA depends on whether the meeting is a *Page 3 
"regular meeting" or an "emergency or special meeting."[6] The FOIA does not define these terms, but a "regular meeting" presumably is one that has been regularly scheduled by a governing body.[7]
As for "emergency or special meetings," it has been observed:
 With respect to notice, the difference between the two is immaterial because the same requirements apply. As a practical matter, any meeting that is not regularly scheduled will qualify as either "emergency" or "special," with the former encompassing emergency sessions and the latter meetings held for any other purpose.[8]
It is a basic rule of statutory construction that in the absence of an ambiguity, statutory language must be given its common meaning in ordinary usage.[9] Based on this rule, an "emergency" session for purposes of notice under the FOIA is probably one necessitated by "a sudden, urgent, usually unexpected occurrence or occasion requiring immediate action."[10]
 Question 2 — Is it improper for the Mayor of a second-classcity to encourage council members to not attend a scheduled councilmeeting because one or more council members cannot be present?
My research of state law indicates that the answer to this question is "no," in the absence of any provision of law that plainly precludes such action by a mayor. *Page 4 
Deputy Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] As explained further below, under the FOIA, the significance of holding a meeting as a "regular meeting" versus an "emergency or special meeting" has to do with the notice that must be provided. A.C.A. § 25-19-106(b) (Supp. 2009).
[2] See, e.g., A.C.A. §§ 14-43-502 (Supp. 2009) and14-44-107 (Repl. 1998). Compare
A.C.A. § 6-13-619(a)(2) (Repl. 2007) (regarding school board meetings: "Regular meetings of the school board of directors and all school board committees, and special meetings of the school board of directors and school board committees that deal with personnel or personnel policies, shall, except in emergency situations, be held after 5:00 p.m.") (Emphasis added.) See also
A.C.A. § 14-262-116(b)(8) (Repl. 1998) (regarding a city health department in cities with a population of 25,000: "Regular meetings of the board shall be held not less than one (1) time every year, at such time as may be fixed by resolution of the board. Special meetings of the board may be called by the president, by the city health officer, or by a majority of the members of the board, at any time with three (3) days' notice by mail, or, incase of emergency, with twenty-four (24) hours' notice by telephone or telegraph." (Emphasis added.)
[3] Random House Webster's Unabridged Dictionary 636 (2nd ed. 2001).
[4] Accord Op. Att'y Gen. 96-328 (opining that a city's governing body may adopt its own regulations and rules of procedure when they are not prescribed by statute or charter provision.)
[5] Adams v. Sims,238 Ark. 696, 700, 385 S.W.2d 13 (1964) (citations omitted).
[6] A.C.A. § 25-19-106(b). At least two hours' notice of emergency or special meetings must be provided to news media located in the county that have requested notice, and to news media located elsewhere that cover regular meetings of the governing body and that have requested notice. Id. at (2). The time and place of regular meetings must be provided to anyone who requests the information. Id. at (1). The FOIA does not set forth a time requirement for notice of regular meetings, but this office has opined that in order to be consistent with the purpose of the FOIA, a governing body "must give notice within a period of time that is reasonably sufficient to allow [those] who have requested notice to arrange to attend the meeting. Op. Att'y Gen. 98-033.
[7] J. Watkins R. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT 337 (Arkansas Law Press, 5th ed., 2009).Accord Op. Att'y Gen. 2006-194.
[8] THE ARKANSAS FREEDOM OF INFORMATION ACT at 339.
[9] Brown v. State,375 Ark. 499, 502, 292 S.W.3d 288 (2009).
[10] Random House, supra n. 3. *Page 1