2011 Ark. App. 584

**Carl LUCAS, Appellant**

v.

**Teresa WILSON, Appellee.**

**No. CA 11–58.**

Court of Appeals of Arkansas.

Oct. 5, 2011.

Brent Jay Eubanks, White Hall, for appellant.

Jesse Thurman Skinner Jr., Batesville, for appellee.

ROBERT J. GLADWIN, Judge.

Appellant Carl Lucas appeals the November 18, 2010 order entered by the Sharp County Circuit Court appointing appellee Teresa Wilson as administratrix of the estate of Silas Lucas, deceased. Appellant argues that the circuit court erred in granting appellee's petition because she was not an "interested person" under the relevant statutes with standing to petition the court. We find merit in appellant's argument and reverse and remand.

*Facts*

The decedent, age eighty-three at the time of his death, died on or about June 13, 2010. On July 6, 2010, appellee filed a petition for appointment of administratrix and approval of employment contract in which she nominated herself to serve as administratrix. Appellee described her relationship to the decedent that entitled her to appointment as "step daughter-in-law."

On July 16, 2010, appellant filed an objection to the appointment of appellee and a petition for appointment of administrator and brief in support thereof in which he nominated himself to serve as administrator of the estate. Appellant is the youngest son of the decedent and an heir at law.

On September 27, 2010, a hearing was held on the cross-petitions for appointment of administratrix/administrator. The circuit court noted that all of the heirs at law had waived notice, bond, accounting, inventory, made entries of appearance, consented to the appointment of appellant, and objected to the appointment of appellee.

At the hearing appellee testified that (1) the decedent married her mother-in-law in June 1978, and lived nearby her; (2) she was the decedent's sole caregiver; (3) she had admitted him to the Cave City Nursing Home; and (4) she had held a power of attorney for the decedent for the previous five years. Appellee acknowledged that she was an adult when she met the decedent and that her natural father raised her to adulthood. Appellant also testified, identifying each of the heirs of the decedent and explaining that he is the son of the decedent.

The circuit court found that both appellee and appellant were qualified to serve as administrator of the estate of the decedent pursuant to the requirements outlined in Arkansas Code Annotated section 28–48–101(b) (Repl.2004). The circuit court found that appellee was an interested person with standing to petition the court and appointed her as administratrix of the estate and denied appellant's petition. Appellant filed a timely notice of appeal on December 3, 2010, and this appeal followed.

*Standard of Review*

This court reviews probate matters de novo but will not reverse probate findings

of fact unless they are clearly erroneous. *McAdams v. McAdams*, 353 Ark. 494, 109 S.W.3d 649 (2003); *Morton v. Patterson*, 75 Ark.App. 62, 54 S.W.3d 137 (2001). A finding is clearly erroneous when, although there is evidence to support it, the appellate court is left on the entire evidence with the firm conviction that a mistake has been committed. *Morton, supra.* This court must also defer to the superior position of the lower court sitting in a probate matter to weigh the credibility of the witnesses. *McAdams, supra.* To the extent this court is called upon to review portions of the probate code, this court's review is de novo, as it is for this court to decide what a statute means. *Intents, Inc. v. Southwestern Elec. Power Co.*, 2011 Ark. 32, 376 S.W.3d 435. In the absence of a showing that the circuit court erred, its interpretation of a statute will be accepted as correct on appeal. *Harris v. City of Little Rock*, 344 Ark. 95, 40 S.W.3d 214 (2001).

### Discussion

Appellant claims that the circuit court erred in finding that appellee had standing to petition the court as an "interested person." Relevant portions of Arkansas Code Annotated section 28–40–107 (Repl.2004) provide:

(a) An interested person may petition the court of the proper county:

. . . .

(3) For the appointment of an administrator if no executor is nominated in the will or if the person so named is disqualified or unsuitable, or refuses to serve, or if there is no will.

(b) A petition for probate may be combined with a petition for the appointment of an executor or administrator. A person interested in either the probate of the will or the appointment of a

personal representative may petition for both.

Arkansas Code Annotated section 28–1–102(a)(7) (Repl.2004) states in relevant part that the term "estate" denotes the real and personal property of the decedent or ward as from time to time changed in form by sale, reinvestment, or otherwise and as augmented by any accretions and additions and substitutions and diminished by any decreases and distributions; while section 28–1–102(a)(11) defines "interested persons" as "any heir, devisee, spouse, creditor or any other having a property right, interest in, or claim against the estate, and a fiduciary."

It is undisputed that the decedent died intestate and that his heirs at law are appellant, Marvin Lucas, Barbara Leister, and Stephanie Lucas. Appellant raised the issue of appellee's standing to petition the court for appointment both prior to the September 27, 2010 hearing and during the hearing. The circuit court held that both appellee and appellant were qualified to serve as personal representative of the estate of the decedent. The circuit court specifically held that appellee had standing to petition the circuit court in three ways: 1) as a potential creditor because of the services she provided to the decedent in caring for him; 2) as a potential creditor because of money she may have spent in caring for the decedent; and 3) as a potential beneficiary in a wrongful-death lawsuit.

### I. Standing to Petition the Court as a Potential Creditor

Appellant submits that the relevant statutes do not recognize "potential creditors" of an estate as interested persons entitled to standing and that no evidence was presented to support a finding that appellee was, in fact, a creditor. *See generally*

Ark.Code Ann. §§ 28–50–101 to –114 (Repl.2004). We agree.

With regard to appellee's standing relating to the services she provided, we note that a claimant bears the burden of proving that the services provided were of such an "extraordinary character" that a family member would not expect another family member to render such services without compensation. *Russell v. Baumann*, 239 Ark. 830, 394 S.W.2d 619 (1965). Our supreme court specifically held that "when such services are rendered by one member of a family to another, it is presumed that they are attributable to the family relationship and are given without any expectation that they will be paid for." *Russell*, 239 Ark. at 831–32, 394 S.W.2d at 620. The evidence indicates that this presumption holds true for appellee in the instant case.

Appellee failed to offer any testimony that there was a service contract between the decedent and herself, and there was no evidence that the services she provided were of any extraordinary character. Furthermore, appellee has neither filed a claim against the estate or in the circuit court for services that she provided. Accordingly, the appropriate conclusion to draw is that the services she rendered were because of the family relationship and not because she expected any form of payment. As such, she is not a creditor of the estate regarding services she provided to the decedent.

There is no evidence in the record to suggest that appellee is a creditor to the estate of the decedent because of any expenditures she may have made for the benefit of the decedent. She neither filed a claim against the estate nor offered receipts into evidence to the circuit court. Appellee did not testify regarding any specific items she paid for on behalf of the decedent, and she has not sought compen-

sation or reimbursement at any time for purchases made.

Counsel for appellant asked for clarification of the circuit court's ruling with respect to evidence of expenditures by appellee. The circuit court responded, "I am finding, based on the evidence that I have, that she did those things. I didn't hear specific testimony about a dollar amount or anything like that. But because of the type of service she rendered, that she is a potential claimant." In the absence of such evidence, the circuit court erred in concluding that appellee had standing to petition the circuit court as a potential creditor of the estate. *See White v. Welsh*, 323 Ark. 479, 915 S.W.2d 274 (1996); *Pickens v. Black*, 316 Ark. 499, 872 S.W.2d 405 (1994). Because appellee is not a creditor of the estate, she is not an interested person within the meaning of section 28–1–102(a)(11), and she had no standing to petition the probate court for appointment of an administrator pursuant to section 28–40–107(a)(3).

Additionally, we hold that appellee's petition is insufficient as a matter of law because the petition she filed failed to provide an explanation as to why she was entitled to appointment. Arkansas Code Annotated section 28–40–107(c) provides:

A petition for probate of a will or for the original appointment of a general personal representative, or for both, shall state:

(8) If the appointment of a personal representative is sought, the name and residence address of the person for whom letters are prayed, his or her relationship to the decedent, *or other facts, if any, which entitle the person to appointment.*

*Id.* (emphasis added). Compliance with the statute would have provided appellee an opportunity to provide the circuit court

with evidence regarding her status as a creditor of the estate of the deceased.

## II. Standing to Petition the Court as a Potential Wrongful–Death Beneficiary

■ There are two causes of action that arise when a person's death is caused by the negligence of another: (1) a cause of action for the estate under the survival statute pursuant to Arkansas Code Annotated section 16–62–101 (Repl.2005), and (2) a cause of action for the statutory beneficiaries under the wrongful-death statute pursuant to Arkansas Code Annotated section 16–62–102 (Repl.2005). *See Miller v. Centerpoint Energy Res. Corp.,* 98 Ark.App. 102, 250 S.W.3d 574 (2007). An action for wrongful death brought by a plaintiff in his capacity as an administrator pursuant to Arkansas Code Annotated section 16–62–102 involves neither the same action, nor the same plaintiff as in a survival action brought by the same person in his individual capacity pursuant to section 16–62–101. *St. Paul Mercury Ins. Co. v. Circuit Court of Craighead County,* 348 Ark. 197, 73 S.W.3d 584 (2002).

Even assuming for the sake of argument that appellee was a wrongful-death beneficiary by virtue of an *in loco parentis* relationship with the decedent, which was not decided by the circuit court, we hold that appellee would still have no interest in the estate. Any funds received as the result of a successful wrongful-death claim would be apportioned separately and distinctly from monies received as a result of a successful survival-action claim and would not be subject to the claims of the estate's creditors. *See* Ark.Code Ann. § 16–62–102(e); *see also Douglas v. Holbert,* 335 Ark. 305, 983 S.W.2d 392 (1998). "Interest in" is a legal term that describes a person's stake in a particular quantum of property, here, the estate and its assets. While appellee may have an interest in any litigation brought by the estate on behalf of the estate and the wrongful-death beneficiaries of the deceased, this does not confer on her the right of standing to petition the probate court for appointment of a personal representative.

■ We decline to reach the issue of whether appellee would be a beneficiary to any future wrongful-death litigation brought by the estate by virtue of her alleged *in loco parentis* status with the decedent. It is well settled that an appellant must raise an argument below and obtain a ruling to preserve the issue for appellate review. *See Beverly Enters.-Ark. Inc. v. Thomas,* 370 Ark. 310, 259 S.W.3d 445 (2007). If there is no ruling by the trial court on the issue, there is nothing for this court to review and determine. *Mackey v. Cobb Vantress, Inc.,* 2011 Ark. App. 88, 2011 WL 386992. The order appealed from does not mention the term *in loco parentis,* and there are no factual findings in the order relating to the issue. In his oral decision from the bench, the circuit judge mentions appellee's interest in the determination of the apportionment of the wrongful-death claim, but he did not specifically rule whether she and the decedent had an *in loco parentis* relationship.

Because appellee had no standing to petition the circuit court, we hold that the circuit court should not have considered her petition. We reverse and remand for further proceedings regarding the appointment of an administrator/administratrix in the estate of the decedent.

Reversed and remanded.

PITTMAN and GRUBER, JJ., agree.