## DUCHARME v DUCHARME

Docket No. 314736. Submitted April 1, 2014, at Lansing. Decided April 17, 2014, at 9:00 a.m. Leave to appeal sought.

Donn R. Ducharme brought an action in the Eaton Probate Court against his sister Michelle K. Ducharme, alleging that defendant violated her fiduciary duties as trustee of two trusts established by their parents. Defendant moved for summary disposition under MCR 2.116(C)(7), asserting that the action was barred by the applicable statute of limitations. Plaintiff argued that the one-year period of limitations set forth in MCL 700.7905(1)(a) did not bar his action because his claims sounded in tort, the complaint was filed within one year of the supplement to the final accounts, and because the trusts were not finalized. The court, Thomas K. Byerley, J., granted the motion for summary disposition. Plaintiff appealed.

The Court of Appeals *held*:

1. MCL 700.7901(1) of the Michigan Trust Code (MTC), MCL 700.7101 *et seq.*, defines "breach of trust" as a violation by a trustee of a duty the trustee owes to a trust beneficiary. Plaintiff's claims of (1) breach of fiduciary duty, (2) conversion of assets, (3) abuse of authority and commingling of trust and personal assets, (4) breach of the duty of impartiality, and (5) fraud and misrepresentation all involved allegations that defendant breached her duties as trustee in her administration of the trusts. And plaintiff claimed he had standing to bring suit given his interests in the trusts as a trust beneficiary. Thus, plaintiff alleged in each count of his complaint a violation by a trustee of a duty the trustee owed to a trust beneficiary. Therefore, the statute of limitations set forth in the MTC, MCL 700.7905, applied.

2. Under MCL 700.7905(1)(a), a trust beneficiary may not commence a proceeding against a trustee for breach of trust more than one year after the date the trust beneficiary was sent a report that adequately disclosed the existence of a potential claim for breach of trust and informed the beneficiary of the time allowed for commencing a proceeding. The statute does not require that the trust be terminated or that a final report have been issued in order for the one-year period to begin running. Under MCL 700.7104(1), a person

has knowledge of a fact if (1) the person has actual knowledge of it, (2) the person has received a notice or notification of it, or (3) from all the facts and circumstances known to the person at the time in question, the person has reason to know it. In this case, the trust accounting reports provided to plaintiff disclosed the one-year period for commencing a proceeding alleging breach of trust. Those reports also disclosed the issues that provided the basis for plaintiff's complaint, and plaintiff's own communications demonstrated his knowledge of potential claims in light of disclosures made in the reports. Because the reports adequately disclosed the existence of a potential claim for breach of trust and informed plaintiff of the time allowed for bring a claim, the trial court properly granted summary disposition on the ground that the claims were barred under MCL 700.7905(1)(a).

Affirmed.

1. TRUSTS — BREACH OF TRUST — DEFINITION.

MCL 700.7901(1) of the Michigan Trust Code (MTC), MCL 700.7101 *et seq.*, defines "breach of trust" as a violation by a trustee of a duty the trustee owes to a trust beneficiary; claims involving a breach of trust fall under the MTC and are subject to the period of limitations set forth in the MTC, MCL 700.7905, even if the claims are not labelled as breach-of-trust claims.

2. TRUSTS — BREACH OF TRUST — STATUTE OF LIMITATIONS.

Under MCL 700.7905(1)(a), a trust beneficiary may not commence a proceeding against a trustee for breach of trust more than one year after the date the trust beneficiary was sent a report that adequately disclosed the existence of a potential claim for breach of trust and informed the beneficiary of the time allowed for commencing a proceeding; the statute does not require that the trust be terminated or that a final report have been issued in order for the one-year period to begin running.

*McCoy Law, PLLC* (by *Sheila K. McCoy*), for plaintiff.

*Foster, Swift, Collins & Smith, PC* (by *David R. Russell* and *Joseph J. Viviano*), for defendant.

Amicus Curiae:

*Warner Norcross & Judd LLP* (by *Matthew T. Nelson* and *Julie Lam*) for the Probate Council of the Probate and Estate Planning Section of the State Bar of Michigan.

Before: WILDER, P.J., and FITZGERALD and MARKEY, JJ.

PER CURIAM. Plaintiff and defendant are siblings and beneficiaries of two trusts established by their parents. Defendant is the appointed successor trustee of the trusts. Plaintiff alleges that defendant violated her fiduciary duties as trustee. In lieu of an answer to plaintiff's complaint, defendant filed a motion for summary disposition, which was granted by the probate court pursuant to MCR 2.116(C)(7) (statute of limitations). Plaintiff appeals as of right. We affirm.

## I. FACTS

Donald Ducharme and Marlene Ducharme established trusts in their names on December 23, 1997. Plaintiff and defendant were the beneficiaries of the trusts. Each parent was the initial trustee of their own nominal trust. Marlene passed away in 2005 and the Marlene R. Ducharme Family Trust (the Family Trust) was created. The Family Trust contained funds in excess of the federal estate tax exemption. Donald passed away March 11, 2009. Defendant was appointed successor trustee to both the Family Trust and the Donald R. Ducharme Trust (the Donald Trust) on March 18, 2009. She administered the trusts and issued annual reports from 2009 through 2011.

On June 10, 2010, defendant provided to plaintiff a copy of the amended first annual account of the Donald Trust. On June 16, 2011, defendant provided to plaintiff a copy of the final account of the Donald Trust through June 15, 2011. Also on June 16, 2011, defendant provided to plaintiff the final account of the Family Trust through June 15, 2011. On June 21, 2011, defendant provided to plaintiff amended final accounts for both the Donald Trust and the Family Trust that reflected

past due legal fees and account advisor fees that had been overlooked. On July 14, 2011, plaintiff replied and indicated that he wished distributions to continue, but that he had several remaining unanswered questions. On November 2, 2011, defendant sent to plaintiff supplements to the final account for both the Donald Trust and the Family Trust, "indicating minor adjustments since June 15, 2011," and including checks reflecting "full satisfaction of Donn R. Ducharme's interest" in both the Donald Trust and the Family Trust. The annual accounts for both the Donald Trust and the Family Trust included a notice that a beneficiary may not bring an action against a trustee for breach of trust if more than a year has elapsed since the sending of a report. Neither the amended report nor the supplement to the final account for either the Donald Trust or Family Trust contained such a disclaimer.

Plaintiff filed a five-count complaint against defendant on October 31, 2012, alleging claims for breach of fiduciary duty, conversion of assets, commingling of assets of companies and trusts, violation of impartiality as trustee, and fraud and misrepresentation. In lieu of an answer, defendant filed a motion for summary disposition under MCR 2.116(C)(7), (8), and (10). The probate court found that reports provided to plaintiff no later than June 22, 2011, disclosed each of these potential claims. The court held that the claims were properly categorized as breaches of trust and were, therefore, time-barred by the applicable one-year statute of limitations set forth in MCL 700.7905(1)(a).

## II. DISCUSSION

Plaintiff argues on appeal that summary disposition was inappropriate because the claims sounded in tort, because plaintiff objected to the accountings and the

complaint was filed within one year of the supplement to the final accounts, and because the trusts still contained property and were not finalized.

We review de novo both a grant of summary disposition under MCR 2.116(C)(7), *Bint v Doe*, 274 Mich App 232, 233; 732 NW2d 156 (2007), and the interpretation and application of a statute, *McAuley v Gen Motors Corp*, 457 Mich 513, 518; 578 NW2d 282 (1998). The foremost rule of statutory construction or interpretation is to discern and give effect to the intent of the Legislature. *Whitman v City of Burton*, 493 Mich 303, 311; 831 NW2d 223 (2013). "An appeal of a decision of the probate court, however, is on the record; it is not reviewed de novo. This Court reviews the probate court's factual findings for clear error and its dispositional rulings for an abuse of discretion." *In re Lundy Estate*, 291 Mich App 347, 352; 804 NW2d 773 (2011) (citations omitted).

The Michigan Trust Code (MTC), MCL 700.7101, *et seq.*, defines "breach of trust" as a "violation by a trustee of a duty the trustee owes to a trust beneficiary . . . ." MCL 700.7901(1). Plaintiff does not dispute that he is a trust beneficiary, but he does dispute whether the allegations in his complaint constitute a breach of trust.

Plaintiff alleged breach of fiduciary duty in Count I. Specifically, plaintiff argued that defendant had the "legal duty to act in a manner to protect the Trust assets" and the interests of the beneficiaries, and that defendant "did breach that fiduciary duty in several ways . . . ." By alleging a breach of duty to the trust beneficiaries, plaintiff necessarily alleged a breach of trust. Count II alleged conversion of assets, including "personal property, rent income, real estate, annuities and other funds" from trust assets to defendant's own

use. The MTC requires that a "trustee shall keep trust property separate from the trustee's own property." MCL 700.7811(2). Because the trustee must administer the trust in the interests of the trust beneficiaries, a commingling of assets would be a "violation by a trustee of a duty the trustee owes to a trust beneficiary . . . ." MCL 700.7901(1). Count III similarly alleged that defendant abused her authority over "the company M & D to gain funds from rents of properties that she commingled with her own assets by claiming those funds as her own." Further, plaintiff asserted that "[a]ccountings were not forthcoming from the management of the Trust companies" and that "[r]eports were requested on numerous occasions regarding the management of M & D, without any being provided." However, plaintiff earlier claimed that the Donald Trust only held a 2 % stake in M & D with remaining ownership of the limited liability company held by individuals. Assets of the company, therefore, are only minimally tied to the trust and M & D is not a "trust company" as alleged by plaintiff. A cause of action for misuse of company funds or assets should be pursued by plaintiff as a member of the limited liability company and not as a beneficiary of the trust. Count IV alleged that defendant had "a legal duty to exercise impartiality" regarding trust assets and that defendant "specifically violated that duty, claiming excessive property for herself from the Trust." By alleging a breach of duty to the trust beneficiaries, plaintiff necessarily alleged a breach of trust. Count V alleged fraud and misrepresentation. A trustee must administer the trust in the interests of the trust beneficiaries; misevaluating trust property and inappropriately taking trust property would be a violation of this duty.

Plaintiff's allegations clearly involve claims that defendant breached her duty as trustee in her adminis-

tration of the trusts. Indeed, plaintiff claimed he had standing to bring this suit given his interest in the trusts as a trust beneficiary. Thus, plaintiff alleged in each count a "violation by a trustee of a duty the trustee owes to a trust beneficiary . . . ." MCL 700.7901(1).[1]

To the extent these claims were disclosed on an accounting, they are subject to the exclusive one-year statute of limitations set forth in MCL 700.7905(1)(a):

> A trust beneficiary shall not commence a proceeding against a trustee for breach of trust more than 1 year after the date the trust beneficiary or a representative of the trust beneficiary was sent a report that adequately disclosed the existence of a potential claim for breach of trust and informed the trust beneficiary of the time allowed for commencing a proceeding.

Contrary to plaintiff's contention, the statute does not require that the trust be terminated or that a final report be issued in order for the one-year period of limitations to begin running. Rather, the statute clearly articulates two requirements: (1) the trust beneficiary was sent a report that disclosed the existence of a potential claim and (2) the report informed the trust beneficiary of the timeframe for filing the claim. The record reflects, and plaintiff does not dispute, that the reports for both the Donald Trust and the Family Trust disclosed the one-year period for filing claims alleging

---

[1] The existence of a cause of action outside the trust context does not allow that action to supersede the trust action. When two statutes have a common purpose, "the specific statute rather than the general statute controls." *Sutton v Cadillac Area Pub Sch*, 117 Mich App 38, 44; 323 NW2d 582 (1982). Both the breach-of-trust statute, MCL 700.7901, and the breach-of-fiduciary-duty statutes, see, e.g., MCL 700.1212, MCL 700.1214, and MCL 700.1506, seek to protect beneficiaries from misdeeds by their trustees. Because the breach-of-trust statute specifically applies in the trust context, the MTC statute of limitations, MCL 700.7905, also applies in the trust context.

breach of trust. Therefore, the remaining element is whether the report adequately disclosed the existence of a potential claim.

Under the MTC,

> a person has knowledge of a fact if 1 or more of the following apply:
>
> (a) The person has actual knowledge of it.
>
> (b) The person has received a notice or notification of it.
>
> (c) From all the facts and circumstances known to the person at the time in question, the person has reason to know it. [MCL 700.7104(1).]

Regarding the Donald Trust, the first amended annual accounting contained several items that form the basis of plaintiff's complaint. Those include the listing of cottages at items 16 and 17, the trust share of M & D at item 33, several annuities listed at items 35 through 38, and bank account activity at item 40. The second annual accounting disclosed income from a land contract and note receivable at items 8 and 9, cottages and their contents at items 1, 4, and 5, and bank account activity at items 15 and 17. The final account also disclosed the cottages, their contents, and other banking activity. The amended final account was simply the ledger of action without the cover page carrying the one-year limitations-period disclosure. However, because the claims were disclosed on the final account issued June 16, 2011, which did include the disclosure, plaintiff remained aware of any potential claims and was advised of the limitations period. The supplemental final account listed three assets, all bank accounts, and disclosed gross income of only $541. It also did not contain a notice of the one-year limitations period, but it also did not contain any new information upon which plaintiff based his claims.

Regarding the Family Trust, the March 11, 2009 to November 8, 2010 account disclosed the 7800 Legend Woods property at item 1, two time shares at item 4, a 2 % interest in M & D at item 5, the Oxford Trust account at item 6, and various other bank accounts. The final account of the Family Trust listed five items including bank accounts, the timeshares, and the Legend Woods property.

Further, plaintiff's own communications and affidavit disclose knowledge of the claims. In a July 14, 2011 letter plaintiff, through his counsel, asserted that several questions remained unanswered but that he wanted the distributions to continue. The letter noted specifically the removal of items from the cottages, an issue with the Oxford Trust, an error with the M & D distribution attributable to defendant, and the specifics regarding legal and accounting fees. Several of these issues form the basis of plaintiff's alleged claims. Further, in his affidavit dated January 17, 2013, plaintiff noted that he objected to every accounting, which indicates that the accountings provided sufficient detail to form the basis of an objection. Further, he asserts that the Legend Woods property was distributed at a $170,000 valuation, but that the final account disclosed Michelle Ducharme was disbursed the appraised value of $336,000. Because the reports adequately disclosed the existence of a potential claim for breach of trust and informed the trust beneficiary of the time allowed for commencing a proceeding, the trial court properly granted summary disposition pursuant to MCR 2.116(C)(7) on the ground that the claims were time-barred under MCL 700.7905(1)(a).

Affirmed.

WILDER, P.J., and FITZGERALD and MARKEY, JJ., concurred.