PHILLIP T. WHITEAKER, Judge
Alison Peck appeals the order of the Pulaski County Circuit Court that granted partial summary judgment and dismissed in part Peck's amended complaint against appellee Hannah Peck Finley on the basis of the statute of limitations. At Peck's *139 request, the circuit court certified the order as a final judgment pursuant to Arkansas Rule of Civil Procedure 54(b). We reverse and remand for further proceedings consistent with this opinion.
I. Procedural History
Peck is the daughter of the late Robert Peck. Finley is Robert Peck's widow. After Robert's death, a series of lawsuits developed between Finley, Peck, Capi Peterson, and Ashley O'Dell over Robert's estate plan.[1] We have heard two previous appeals resulting from the litigation between Peterson and O'Dell and Finley. See Peterson v. Peck , 2013 Ark. App. 666, 430 S.W.3d 797 ; O'Dell v. Peck , 2017 Ark. App. 532, 2017 WL 4663919. The instant appeal returns to us a second time after a previous reversal and remand. See Peck v. Peck , 2016 Ark. App. 423, 502 S.W.3d 553 ( Peck I ).
In our previous opinions, we set forth in detail the facts of the disputes between Robert's daughters and his widow. For purposes of this opinion, we will not repeat the facts in detail but provide the following summary. Robert Peck created a trust naming Finley as trustee and primary beneficiary (the Peck Family Trust). Robert named his daughters as contingent beneficiaries within the trust. The heart of the dispute between the sisters and Finley has been how Robert funded the trust. Robert possessed a piece of artwork created by Alexander Calder (the Calder). Finley believed that Robert funded the trust with the Calder. As trustee, she sold the Calder and invested the proceeds. Her investments were not profitable and lost money. In 2008, she filed a lawsuit seeking a declaratory judgment to determine the ownership of the Calder. Peck was a defendant in this lawsuit. She denied Finley's assertions that the trust owned the Calder and asserted that the owner of the Calder was her sister, Peterson. Peck also filed a counterclaim requesting an accounting and asserting that Finley breached her fiduciary duties. Both actions-the declaratory judgment and the counterclaim-were dismissed without prejudice in 2009.
In October 2010, Peterson filed suit against Finley, alleging that she (Peterson) was the owner of the Calder, that Finley wrongfully sold it to a third party, and that Finley was liable to Peterson for the value of the Calder and damages for its sale.[2] Peterson also sought an accounting for the Peck Family Trust and alleged that Finley acted in bad faith. Finley denied Peterson's allegation and contended that Peterson's actions triggered a share-cancellation clause within the trust that resulted in a forfeiture of Peterson's beneficiary status under the trust. Following a bench trial, the circuit court ruled that Peterson had failed to prove that she was the owner of the Calder. The court also ruled that Peterson failed to prove that Finley had acted in bad faith, that the trust's share-cancellation clause was thereby triggered, and that Peterson was thus excluded as a beneficiary. We affirmed. Peterson, supra.
In May 2014,[3] Peck sued Finley, seeking a declaratory judgment of Finley's duties as trustee and of her own rights as a beneficiary to be kept promptly informed of all material information regarding administration of the trust. She asserted that Finley was required to produce reports to her as a beneficiary, that Finley had failed *140 to do so, and that Finley had acted in bad faith. Peck subsequently amended her declaratory-judgment complaint to add claims for conversion, breach of fiduciary duty, deceit, and unjust enrichment or the imposition of a constructive trust. She also sought an accounting and punitive damages. Finley responded with a motion to dismiss. Finley argued that our decision in Peterson held that the mere filing of a complaint challenging Finley's actions as trustee triggered the share-cancellation clause. The circuit court agreed and dismissed Peck's complaint. In Peck I , we reversed the order dismissing Peck's complaint. We remanded the case for the circuit court to determine whether Peck's amended complaint stated sufficient facts showing that Finley acted in bad faith or with reckless disregard of either the trust's purposes or Peck's interests as a contingent beneficiary.
On remand following Peck I , Finley voluntarily withdrew her motion to dismiss. She filed an answer denying that Peck was a qualified beneficiary of the trust or had standing to seek a declaratory judgment. Finley further asserted that Peck's action was barred by various grounds, including the expiration of the one-year savings statute, judicial estoppel, and res judicata.[4]
Peck amended her complaint three more times, incorporating the allegations of her first amended complaint and adding additional factual allegations. Finley amended her answer to assert that Peck's action was barred by the three-year statute of limitations found in Arkansas Code Annotated section 16-56-105 (Repl. 2005).
Finley ultimately filed a motion for summary judgment in which she contended that res judicata and the general three-year statute of limitations barred Peck's action. Peck responded to the motion for summary judgment, denying that her claims were barred by the statute of limitations. She further argued that Finley's affirmative defenses were barred by the doctrine of law of the case.
Following a hearing at which the circuit court explained its reasoning from the bench, the court entered an order addressing Finley's motion for summary judgment.[5] The court denied Finley's motion for summary judgment as to Peck's standing based on res judicata, judicial estoppel, and the expiration of the savings statute. The court denied the motion in part and granted it in part as to Peck's claim for declaratory relief. Specifically, the court denied the motion as to the questions of whether (1) Peck was and is a "qualified beneficiary" under the Peck Family Trust; (2) Finley provided Peck with an annual report within the one-year period prior to the filing of the initial complaint in this matter; and (3) any such report complied with Arkansas Code Annotated section 28-73-813(c)(1) (Repl. 2012). The court granted Finley's motion and dismissed Peck's claims for conversion (Count II), breach of fiduciary duty (Count III), deceit (Count IV), and unjust enrichment (Count V) with prejudice on the basis that they were barred by the general three-year statute of limitations set forth in Arkansas Code Annotated section 16-56-105. Similarly, the court ruled that the one-year statute of *141 limitations barred Peck's claim for accounting (Count VI) for any period of time more than one year prior to the filing of the complaint. The court granted the motion as to Peck's claim for punitive damages. The court also granted Finley's motion and dismissed any of Peck's claims that were not specifically addressed in the order. The circuit court later entered an amended order setting forth its rulings and providing a Rule 54(b) certificate explaining why an immediate appeal was necessary in this case. This appeal followed.
II. Analysis
The law is well settled that summary judgment is to be granted by a circuit court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. Hardin v. Bishop , 2013 Ark. 395, 430 S.W.3d 49. When there is no material question of fact, we determine whether the moving party was entitled to judgment as a matter of law. City of Rockport v. City of Malvern , 2012 Ark. 445, at 3, 424 S.W.3d 870, 873. We review issues of statutory construction de novo, as it is for this court to interpret a statute. Id. Summary judgment is proper when the statute of limitations bars an action. Alexander v. Twin City Bank , 322 Ark. 478, 910 S.W.2d 196 (1995) ; IC Corp. v. Hoover Treated Wood Prods. , 2011 Ark. App. 589, 385 S.W.3d 880 ; Tony Smith Trucking v. Woods & Woods, Ltd. , 75 Ark. App. 134, 55 S.W.3d 327 (2001).
Peck first argues that the circuit court erred in granting summary judgment based on the statute of limitations. Peck asserted claims for conversion (Count II), breach of fiduciary duty (Count III), deceit (Count IV), and unjust enrichment (Count V). These claims are conventionally tort causes of action. The circuit court ruled, without explanation, that these tort claims were barred by the general three-year tort statute of limitations found in Arkansas Code Annotated section 16-56-105.
Peck argues that the court erred in applying this general three-year statute of limitations for tort claims. She acknowledges that her pleadings contain causes of action that sound in tort. She contends, however, that the gist of her cause of action was for a declaratory judgment regarding the terms of the trust, for an accounting from Finley as trustee, and for asserted violations of Finley's fiduciary duties as trustee. Peck essentially argues that her cause of action was for a breach of trust and that the court should have applied the more specific one-year statute of limitations found in Arkansas Code Annotated section 28-73-1005, part of the Arkansas Trust Code (ATC).
The ATC, codified at Arkansas Code Annotated sections 28-73-101 to -1106 (Repl. 2012), was enacted in 2005. There has been very little Arkansas case law interpreting its provisions; however, the ATC provides that a "violation by a trustee of a duty the trustee owes to a beneficiary is a breach of trust." Ark. Code Ann. § 28-73-1001(a). A trustee owes a duty to administer the trust in the interests of the trust beneficiaries, Ark. Code Ann. § 28-73-802(a), and a commingling of assets would be a "violation by a trustee of a duty the trustee owes to a beneficiary." Ark. Code Ann. § 28-73-1001(a). Essentially, a trustee owes a duty to keep trust property separate from personal property. See Ark. Code Ann. § 28-73-810(b) ("A trustee shall keep trust property separate from the trustee's own property."). A trustee must administer the trust in the interests of the trust beneficiaries, and failing to disclose material facts concerning trust assets and inappropriately taking trust property would be a violation of this duty.
*142 Looking at Peck's first amended complaint, we agree that her claims assert violations of Finely's duties as trustee that constitute a breach of trust.[6]
While Count II asserted a claim for conversion, Peck alleged that Finley converted trust assets, specifically the proceeds from the sale of the Calder, to Finley's own use. It was also alleged that Finley deposited the proceeds into her personal accounts. This is an allegation of a violation of both Arkansas Code Annotated section 28-73-1001(a) and Arkansas Code Annotated section 28-73-810(b). While Count III asserted a claim for breach of fiduciary duty, Peck alleged that Finley had the legal duty to act in a manner to protect the trust assets and the interests of the beneficiaries and that Finley breached her fiduciary duties in several ways. By alleging a breach of duty to the trust beneficiaries, Peck necessarily alleged a breach of trust. Similarly, while Count IV asserted a claim for deceit, Peck alleged that Finley had actively concealed and failed to disclose her dealings with the sale of the Calder and the investment of the proceeds while acting as trustee. Likewise, Count V alleged that Finley had received property to which she was not entitled in violation of her duties to the trust beneficiaries and sought imposition of a constructive trust.
We conclude that while these claims nominally sound in tort, they were predominately assertions of a breach of trust. See Ducharme v. Ducharme , 305 Mich.App. 1, 850 N.W.2d 607, 609-10 (2014) (per curiam) (explaining how each of the causes of action alleged were actually violations of the Michigan Trust Code). Peck's allegations clearly involve claims that Finley breached her duties as trustee in her administration of the trusts. Thus, Peck alleged in each count a "violation by a trustee of a duty the trustee owed to a trust beneficiary." Ark. Code Ann. § 28-73-1001(a). The existence of a cause of action outside the trust context does not allow that action to supersede the trust action. Ducharme , 850 N.W.2d at 610 (applying Michigan's version of the Uniform Trust Code). Because Peck has alleged various breaches of trust under the ATC, the ATC's limitations period, rather than the more general three-year tort limitations period, controls.
We now consider whether the ATC's statute of limitations has run against Peck. Section 28-73-1005 contains the ATC's limitations periods and provides as follows:
(a) A beneficiary may not commence a proceeding against a trustee for breach of trust more than one (1) year after the date the beneficiary or a representative of the beneficiary was sent a report that adequately disclosed the existence of a potential claim for breach of trust and informed the beneficiary of the time allowed for commencing a proceeding.
(b) A report adequately discloses the existence of a potential claim for breach of trust if it provides sufficient information so that the beneficiary or representative knows of the potential claim or should have inquired into its existence.
(c) If subsection (a) does not apply, a judicial proceeding by a beneficiary against a trustee for breach of trust must be commenced within five (5) years after the first to occur of:
*143 (1) the removal, resignation, or death of the trustee;
(2) the termination of the beneficiary's interest in the trust; or
(3) the termination of the trust.
Ark. Code Ann. § 28-73-1005.
The ATC thus provides two separate time periods within which a beneficiary may commence a proceeding for breach of trust against a trustee: a one-year period listed in subsection (a) and a five-year period listed in subsection (c) that applies only if subsection (a) does not apply. Here, we are concerned with only the one-year period in subsection (a).[7] Subsection (a) sets forth two requirements that a "report" must contain in order to trigger the running of the limitations period: (1) that the report adequately discloses the existence of a potential claim for breach and (2) informs the beneficiary of the one-year time limit for commencing an action.
Peck contends that the limitations period found in section 28-73-1005 could not and does not commence to run until the court determines that Finley provided her with reports that comply with section 28-73-1005. We agree. Under the plain language of subsection (1), the one-year period begins to run from "the date the beneficiary ... was sent a report that adequately disclosed the existence of a potential claim for breach of trust[.]" Ark. Code Ann. § 28-73-1005(a). Thus, the one-year statute of limitations is triggered only by sending a report to the beneficiary or the beneficiary's representative that meets the statutory-disclosure requirements. The determination that the limitations period has run simply cannot be made without first determining that Finley sent a compliant report, including whether the report notifies the beneficiary of the time limits for filing a claim against the trustee. Whether a report meets the statutory-disclosure requirements is a question of fact.
Here, Peck argued below that the reports provided by Finley were inadequate and did not meet the disclosure requirements of section 28-73-1005 to trigger the statute of limitations. Finley disagreed. Therefore, a material question of fact existed concerning the adequacy of the reports. The circuit court nonetheless granted summary judgment despite this material issue of fact, even though it recognized that the adequacy of a report is an issue of fact when it denied summary judgment on the question of whether any reports supplied by Finley complied with Arkansas Code Annotated section 28-73-813(c)(1).[8] This was error. Essentially, the court found that there was a material issue of fact for the jury as to whether the reports complied with the ATC under this provision of the Act. Summary judgment is to be granted by a circuit court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. Hardin , 2013 Ark. 395, 430 S.W.3d 49. Accordingly, we reverse and remand for further proceedings consistent with this opinion.
For her second point, Peck argues that Finley's statute-of-limitations defenses are barred by the law-of-the-case *144 doctrine. We do not reach this issue because, although Peck raised the issue below in her response to Finley's motion for summary judgment and in her postjudgment motions, the circuit court did not expressly rule on it. It is well settled that an appellant must raise an argument below and obtain a ruling on it to preserve the issue for appellate review. See Lucas v. Wilson , 2011 Ark. App. 584, 385 S.W.3d 891. If there is no ruling by the circuit court on an issue, there is nothing for this court to review and determine. Id.
Reversed and remanded.
Harrison and Murphy, JJ., agree.

Peterson and O'Dell are Peck's sisters and Robert's daughters.

Peck was not a party to this 2010 cause of action between Peterson and Finley.

Our decision in Peterson , supra , was issued on November 13, 2013. Peck's cause of action that is currently on appeal was instituted some six months later.

While Peck I was making its way from the circuit court to this court, O'Dell sued Finley in April 2016 in a declaratory-judgment action strikingly similar to Peck's. The circuit court dismissed O'Dell's complaint for essentially the same reasons that it had dismissed Peck I . On September 21, 2016, we issued our opinion in Peck I . When O'Dell appealed the dismissal of her complaint, we reversed and directed the circuit court to consider further proceedings in light of Peck I . O'Dell, supra.

The order expressly incorporated the court's comments from the bench during the hearing.

Although Peck amended her complaint three more times, her first amended complaint is the operative pleading. The other iterations restate and reallege the allegations in the first amended complaint and merely provide additional factual detail supporting those allegations.

The circuit court found that the five-year period of limitations in subsection (c) does not apply in this case because, by its very terms, subsection (c) applies only if subsection (a) does not apply.

Arkansas Code Annotated section 28-73-813(c)(1) requires that the trustee send reports that disclose "the trust property, liabilities, receipts, and disbursements, including the source and amount of the trustee's compensation, a listing of the trust assets and, if feasible, their respective market values."