2012 Ark. 445

**CITY OF ROCKPORT, Arkansas, Appellant**

v.

**CITY OF MALVERN, Arkansas; Gene Beason; Brenda Beason; Loy Porterfield; and Joan Porterfield, Appellees.**

No. 12–336.

Supreme Court of Arkansas.

Nov. 29, 2012.

872

Christian C. Michaels, Little Rock, for appellant.

David Kizzia; Randy Hill; and Brett D. Watson, Attorney at Law, PLLC, by: Brett D. Watson, for appellee.

KAREN R. BAKER, Justice.

This case involves the contest of several detachments and annexations of land from the city of Rockport ("Rockport") to the city of Malvern ("Malvern"). We have jurisdiction over this matter as it is an issue of first impression involving the interpretation of an act of the General Assembly. Ark. R. Sup.Ct. 1–2(b)(1) & (6)(2012). Rockport appeals from an order of the circuit court granting Malvern's motion to dismiss, asserting that the circuit court erred in granting the motion because Malvern was required to annex the property by ordinance, the land annexed did not compose one area, and the land annexed was not contiguous to Malvern. We affirm.

Landowners in Rockport[1] requested that their land be detached from Rockport and annexed into Malvern pursuant to Arkansas Code Annotated section 14–40–2002 (Supp.2011) because the landowners were not receiving municipal services from Rockport. Malvern annexed the properties by resolutions, which were not read aloud three times prior to passage and were never published. Each resolution annexed several different properties, which were not contiguous to each other. Each annexed property was also separated from Malvern by a Rockport city street. Rockport filed three separate cases contesting the four annexations of property into Malvern, which were consolidated into one matter on August 19, 2008.

The circuit court conducted a bench trial in the consolidated case on August 25, 2011. At the close of evidence presented by Rockport, Malvern moved to dismiss. The circuit court took the motion under advisement and requested briefs. The circuit court granted the motion by order filed December 29, 2011. In the order, the circuit court found that the properties were contiguous, and that Malvern had substantially complied with Arkansas Code

---

1. Gene Beason, Brenda Beason, Loy Porterfield, Joan Porterfield, Elizabeth Chennault, Don Chennault, Carthel L. Clark, Janie Clark, the Joint Family Trust of Gerald and Jo Ella Skinner, the Pierce Family Trust, Glenda Treadway, J.H. Williamson, Daria Williamson, Joseph Connelley, Joanne Connelley, Horn & Sowell Properties, Dennis Holcomb, Larry Langley, Kathy Langley, Tim Cranford, and Chris Cranford.

Annotated section 14–40–2002. Rockport brings this appeal from that order.

Rockport asserts on appeal that Malvern's annexation of the properties at issue is void and that the circuit court erred in finding that Malvern had substantially complied with Arkansas Code Annotated section 14–40–2002. Specifically, Rockport asserts that the lands were not annexed by ordinance as required by Arkansas Code Annotated section 14–40–2004, or, alternatively, that the resolutions Malvern used to annex the land were general and permanent, and were required to be read on three separate days and published. Further, Rockport asserts that the annexations were invalid because the lands annexed did not compose one area and that the circuit court erred in finding that the lands were contiguous.

Malvern cross-appeals, asserting that the circuit court erred in not dismissing the case after it granted Malvern's motion to dismiss defendants Gene Beason, Brenda Beason, Loy Porterfield and Joan Porterfield for improper service. Malvern argues that these defendants were required parties under Arkansas Code Annotated section 16–111–106(a), part of the Declaratory Judgment Act.

While Malvern styled its motion as one for directed verdict, because the underlying matter was resolved at a bench trial, we treat the motion as one for dismissal. Ark. R. Civ. P. 50(a) (2012); *Baptist Health v. Murphy*, 2010 Ark. 358, 373 S.W.3d 269. Our standard of review for the granting of a motion to dismiss where, as here, there is no material question of fact, is to simply determine whether Malvern was entitled to judgment as a matter of law. *See Murphy*, 2010 Ark. 358, 373 S.W.3d 269. We review issues of statutory construction de novo, as it is for this court to determine what a statute means. *City of Rockport v. City of Malvern*, 2010 Ark.

449, 374 S.W.3d 660. In this respect, we are not bound by the circuit court's decision; however, in the absence of a showing that the circuit court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *Id.*

## Ordinance

For its first point on appeal, Rockport asserts that Malvern's annexations of the properties into Malvern are rendered invalid because the law requires that annexation be completed through ordinance. We disagree.

The landowners requested annexation into Malvern pursuant to Arkansas Code Annotated section 14–40–2002. It is undisputed that Malvern annexed the properties at issue through resolutions, not by ordinance, and that the resolutions were not read three times or published. Arkansas Code Annotated section 14–40–2002(b)(3)(A) states, "The land shall be annexed into the other municipality if, after a request by the landowner or landowners, the governing body of the municipality into which annexation is sought indicates by ordinance, resolution, or motion its commitment to make services available and approves the request for annexation." When a statute is clear, we give it its plain meaning. *Voltage Vehicles v. Arkansas Motor Vehicle Comm'n*, 2012 Ark. 386, 424 S.W.3d 281. The statute clearly contemplates allowing annexation by resolution.

Rockport alleges that Arkansas Code Annotated section 14–40–2004 requires that annexation be by ordinance. Arkansas Code Annotated section 14–40–2004(c) states, "At any time, but in no event later than twenty (20) days, after the adoption of the ordinance bringing the subject property into the annexing jurisdiction." Rockport asserts that because

the General Assembly did not allow for any means of annexing property other than by ordinance, only ordinances may be used. We do not find Rockport's argument persuasive. Arkansas Code Annotated section 14–40–2004 sets out the procedure to obtain a hearing in circuit court over the annexed property; it does not relate to the procedure of the actual annexation. A general statute must yield to a specific statute involving a particular subject matter. *Bakalekos v. Furlow,* 2011 Ark. 505, 410 S.W.3d 564. Arkansas Code Annotated section 14–40–2002 sets out the specific procedure for the annexation of property into an adjoining municipality by request, and includes a provision for doing so by resolution. Arkansas Code Annotated section 14–40–2004(c)'s reference to "ordinance" is a general reference, and so must yield to the language allowing annexation by resolution in Arkansas Code Annotated section 14–40–2002.

■ Further, Rockport contends that the annexations are invalid because the resolutions were not published or fully and distinctly read on three different days. Arkansas Code Annotated section 14–55–206(a)(1)(A) (Supp.2011) provides that any bylaw or ordinance "'of a general and permanent nature . . . shall be published in some newspaper printed in the municipality." Arkansas Code Annotated section 14–55–202 (Repl.1998) states, "[a]ll bylaws and ordinances of a general or permanent nature shall be fully and distinctly read on three (3) different days." However, publication and reading of ordinances or resolutions is not required under these statutes unless they are of a general and permanent nature. *Adams v. Sims,* 238 Ark. 696, 385 S.W.2d 13 (1964).

■ In *Adams,* we held that if resolutions are provided in the statute as a way to accomplish the act, reading and publication are not required where the resolutions are not of a general and permanent nature. *Id.* Here, Arkansas Code Annotated section 14–40–2002 provides that resolutions may be used to annex property in cases such as this. The resolution is not general. A general resolution is one which is general and uniform in its application. *Id.* We held in *Adams* that the resolution at issue there was not general because its effects did not encompass the whole town. *Id.* Here, the resolution encompasses only the annexed areas, and not the entire town of Malvern. Therefore, the resolution is not general.

■ A resolution is deemed permanent if it endures until repealed. *Id.* Arkansas Code Annotated section 14–40–2002(b)(3)(B)(iii) provides that if the requested services are not provided, accepted, and in place within twelve months, or substantial steps are not taken to do so, then the detachment and annexation of the land shall be void and all property will be returned to the original jurisdiction. Since the statute includes within itself a method by which the resolution can be terminated without repeal, the resolution is not permanent.

Because the law clearly provides that a resolution is an appropriate way to approve the request for annexation and because the resolutions in question were not general and permanent, we do not find error in the circuit court's interpretation of Arkansas Code Annotated section 14–40–2002.[2]

2. We note that this court has reviewed two other annexation cases between Rockport and Malvern. *See City of Rockport v. City of Malvern,* 356 Ark. 393, 155 S.W.3d 9 (2004); *City*

*of Rockport v. City of Malvern,* 2010 Ark. 449, 374 S.W.3d 660. In both cases, Malvern used resolutions to annex the land at the request of Rockport citizens. Rockport did not assert

### One Area

For its second point on appeal, Rockport alleges that the annexations of property into Malvern are invalid because the lands annexed by Malvern do not compose one area as required by statute. We disagree with Rockport's interpretation of the statute.

Arkansas Code Annotated section 14–40–2002(b) sets out the procedure for requesting annexation into a new municipality. Subsection (1) requires the landowner to file a statement asserting that, among other things, "[a]ll the land in the request must compose one (1) area that is contiguous to the other municipality." Rockport argues that the property annexed in this case did not compose one area.

The portion of Arkansas Code Annotated section 14–40–2002(b) relied upon by Rockport sets out the duties of the landowner in requesting annexation. The landowner must state that his or her land to be annexed composes one area. However, the statute does not provide that a municipality cannot annex the land of several separate landowners at one time. Ark.Code Ann. § 14–40–2002. We hold that the circuit court did not err in finding that Malvern substantially complied with Arkansas Code Annotated section 14–40–2002.

### Contiguity

For its final point on appeal, Rockport asserts that Malvern's annexations of the properties into Malvern are rendered invalid because the land at issue is not contiguous to Malvern. Rockport argues that the lands annexed are not contiguous to Malvern because Rockport city streets separate them from Malvern.

For land to be annexed into a municipality, it must be contiguous to that municipality. Ark.Code Ann. § 14–40–2002(b)(1)(B). An owner retains fee title in the land beneath the street and all rights to the land not inconsistent with the public use to which the property is dedicated. *Freeze v. Jones,* 260 Ark. 193, 539 S.W.2d 425 (1976). In other words, the donation of land to the city does not grant the city fee title in the land, but confers to the public an easement over the land. Because a city street does not break contiguity for purposes of annexation, the circuit court did not err in finding that the lands were contiguous to Malvern.

Rockport asserts that the circuit court's findings are in conflict with prior holdings of this court. We disagree. Rockport cites *Wood v. El Dorado* for its contention that fee title is lost when streets are dedicated to public use on an accepted plat. 237 Ark. 681, 375 S.W.2d 363 (1964). The reasoning in *Wood* and the authority cited for its holding make clear that the public property is an easement, and not a conveyance of fee title. In each case cited in *Wood,* the suit is in regard to the owner of the property attempting to keep the public from his property through fencing or suing in trespass. *See Brown v. Land, Inc.,* 236 Ark. 15, 364 S.W.2d 659 (1963); *Mebane v. City of Wynne,* 127 Ark. 364, 192 S.W. 221 (1917); and *Brewer v. City of Pine Bluff,* 80 Ark. 489, 97 S.W. 1034 (1906).

Here, the owners of the annexed lands held fee title and all rights to the land not inconsistent with the public use of the street. Thus, we hold that the circuit court did not err in finding that the land was contiguous to Malvern.

### Conclusion

Having found no error in the findings of the circuit court, we affirm the grant of

that annexation by ordinance was required in either case.

Malvern's motion to dismiss.[3] Because we affirm the circuit court's order granting Malvern's motion to dismiss, Malvern's cross-appeal is moot and we do not address it. As a general rule, this court will not review issues that are moot. *Cotten v. Fooks*, 346 Ark. 130, 55 S.W.3d 290 (2001). To do so would be to render advisory opinions, which this court will not do. *Mountain Pure, LLC v. Little Rock Wastewater Util.*, 2011 Ark. 258, 383 S.W.3d 347. A case becomes moot when any judgment rendered would have no practical legal effect upon a then-existing controversy. *Id.*

Affirmed.

---

**3.** Rockport makes a one-sentence argument in its brief that it met the requirements under Arkansas Code Annotated section 14–40–2002 to prevent the landowners' detachment from Rockport. However, we will not address arguments that are presented without citation to authority or convincing argument. *See Hathcock v. State*, 357 Ark. 563, 182 S.W.3d 152 (2004).