SLIP OPINION

Cite as 2016 Ark. 36

# SUPREME COURT OF ARKANSAS

No. CV-15-202

| | | |
|---|---|---|
| CATHY HALE | | **Opinion Delivered** February 4, 2016 |
| | APPELLANT | APPEAL FROM THE POPE COUNTY CIRCUIT COURT [NO. PR-14-177] |
| V. | | |
| | | HONORABLE GORDON W. "MACK" MCCAIN, JR., JUDGE |
| LATTIE COFFMAN | | |
| | APPELLEE | REVERSED AND REMANDED. |

JOSEPHINE LINKER HART, Associate Justice

Appellant, Cathy Hale, petitioned the circuit court to obtain a temporary and permanent guardianship over her father, appellee Lattie Coffman. At the hearing on the request for a permanent guardianship, the circuit court granted Coffman's directed-verdict motion to dismiss Hale's petition. On appeal, Hale contends that the circuit court erred in concluding that because Conway Healthcare and Rehabilitation Center (CHRC) is an institution for treatment of mental or nervous diseases and Coffman was a resident, Hale was required to present at the hearing the testimony or the sworn written statement of a professional who was on the medical staff of CHRC. We reverse and remand.

According to Hale's petition,[1] eighty-four-year-old Coffman suffered from mental incapacity and was unable to provide for his health, maintenance, and safety. Attached to the

---

[1] In the same petition, another of Coffman's daughters, Joyce Coffman, sought to be a co-guardian. The circuit court, however, struck her name from the order granting a temporary guardianship and granted it only in Hale's name.

petition was the affidavit of Dr. Raymond H. Clark. His affidavit stated that he was a psychiatrist who had treated Coffman. Doctor Clark opined that Coffman was currently an incapacitated person who was impaired by reason of mental deficiency due to old age and physical illness and that Coffman lacked sufficient understanding or capacity to manage his estate or to make or communicate decisions to meet the essential requirements for his health or safety. Attached to Dr. Clark's affidavit was his own letter indicating that he served as the medical director of Phases Geriatric Psychiatry Inpatient Unit at the River Valley Medical Center in Dardanelle, Arkansas. The letter detailed the reasons for Dr. Clark's findings. Though not mentioned in the petition, apparently an affidavit from Hale was also attached to the petition in which Hale, a registered nurse specializing in mental–health nursing and hospice care, also opined that Coffman was currently an incapacitated person who was impaired by reason of mental deficiency due to old age and physical illness and lacked sufficient understanding or capacity to manage his estate or to make or communicate decisions to meet the essential requirements for his health or safety.

The circuit court entered an order of temporary guardianship. At the hearing on the permanent guardianship, Hale submitted the deposition of Dr. Kevin Beavers, a doctor of internal medicine, who, according to the deposition, was Coffman's primary-care physician. Doctor Beavers concluded that Coffman was unable to independently provide the means for his own health care, food, shelter, clothing, and protection. Also made a part of the record was Dr. Clark's letter described above. Hale also submitted a psychological evaluation by Steve Shry, who opined that Coffman demonstrated "significant mental and physical impairments

that would appear to moderately to severely limit his ability to perform almost all daily adaptive functioning tasks without supervision or aid." He further concluded that Coffman's mental condition was not likely to improve and would continue to deteriorate due to age and poor physical health.

At the close of Hale's case, Coffman's attorney argued that Coffman was entitled to a "directed verdict." Coffman contended that a nursing home is an "institution," and because Coffman was confined or undergoing treatment in an institution, CHRC, for the treatment of mental or nervous diseases, Hale was required to present the testimony or the sworn written statement of a professional who was a member of the medical staff of CHRC. Hale argued that because CHRC was a long-term care facility, it was not an institution for the treatment of mental or nervous diseases, and thus, Hale did not have to produce the testimony or the sworn written statement of a professional on the medical staff of CHRC. After a hearing at which the circuit court heard arguments of counsel, the court granted Coffman's motion and dismissed the petition. In its order, the court stated that Hale failed to comply with Arkansas Code Annotated section 28-65-211(b)(2) (Repl. 2012) because she failed to put forth a professional evaluation from a member of the medical staff of CHRC, where Coffman was located at the time of the trial.

On appeal, Hale argues that the circuit court erred in finding that CHRC is an institution for the treatment of mental or nervous diseases. Hale therefore concludes that she was not required to present testimony or a sworn written statement regarding Coffman's incapacity by a professional on the medical staff of CHRC. Coffman did not file a responsive

SLIP OPINION

brief.

At the close Hale's case, Coffman moved for a directed verdict; however, this was a bench trial, and we treat the motion as one for dismissal. Ark. R. Civ. P. 50(a) (2015). Where there is no material question of fact, we determine whether the moving party was entitled to judgment as a matter of law. *City of Rockport v. City of Malvern*, 2012 Ark. 445, at 3, 424 S.W.3d 870, 873. We review issues of statutory construction de novo, as it is for this court to interpret a statute. *Id.*, 424 S.W.3d at 873.

Arkansas Code Annotated section 28-65-211(b)(1) provides that in "determining the incapacity of a person for whom a guardian is sought to be appointed . . . the court shall require that the evidence of incapacity include the oral testimony or sworn written statement of one (1) or more qualified professionals." Section 28-65-211(b)(2), however, provides that if "the alleged incapacitated person is confined or undergoing treatment in an *institution for the treatment of mental or nervous diseases* . . ., one (1) of the professionals shall be a member of the medical staff of that . . . institution." (Emphasis added.)

There was no dispute between the parties that CHRC is a long-term care facility. Rather, Coffman contended that, as an "institution," CHRC fell within section 28-65-211(b)(2). A "long-term care facility," however, is defined as a "nursing home, residential care facility, assisted living facility, post-acute head injury retraining and residential care facility, or any other facility which provides long-term medical or personal care." Ark. Code Ann. § 20-10-101(10)(A) (Repl. 2014). Given this statutory definition, we hold that, for the purposes of Arkansas Code Annotated section 28-65-211(b)(2), CHRC is not an "institution for the

treatment of mental or nervous diseases." Accordingly, we conclude that the circuit court erred when it concluded that Hale was required to present oral testimony or a sworn written statement of a qualified professional who was a member of the medical staff of CHRC. Thus, we reverse and remand for proceedings consistent with this opinion.

Reversed and remanded.

*Peel Law Firm, P.A.*, by: *John R. Peel* and *Dustin K. Doty*, for appellant.