KAREN R. BAKER, Associate Justice
Appellant Dexter Harmon, an inmate incarcerated in the Arkansas Department of Correction ("ADC"), appeals from the Jefferson County Circuit Court's order granting summary judgment with respect to Harmon's civil rights and tort complaint filed against ADC officials, Moses Jackson, Randy Watson, and Flora Washington, in their individual capacities under the Arkansas Civil Rights Act of 1993 (ACRA), codified as Arkansas Code Annotated sections 16-123-101 to -108 (Repl. 2016). Harmon alleged that appellees violated his due-process rights when they failed to release him from punitive isolation for approximately one month after he was *688 due to be released.[1] Harmon further alleged that appellees committed the torts of false imprisonment, negligence, and "excessive confinement."[2] The circuit court granted the appellees' motion for summary judgment from which this appeal has been brought, and both Harmon and appellees have filed their briefs in this appeal. Harmon subsequently filed a "motion for request" wherein he alleges that the appellees failed to forward a copy of their brief to him and asks that this court provide him with the copy.
Because the circuit court erred when it granted summary judgment and dismissed the action on the sole ground of failure to exhaust, this matter is reversed and remanded. Harmon's motion is therefore moot.
Appellees argued below that they were entitled to summary judgment because Harmon had failed to exhaust his administrative remedies before filing suit. In support of their argument, appellees relied on federal case law applying the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, which requires that inmates exhaust prison grievance procedures before bringing 42 U.S.C. § 1983 actions related to prison conditions. Burns v. Eaton , 752 F.3d 1136 (8th Cir. 2014). Appellees alleged in the motion for summary judgment filed below that the grievances filed by Harmon had failed to specify a claim that the named ADC officials had violated his right to due process or had committed tortious acts but had instead alleged that the named officials had violated his Eighth Amendment right against cruel and unusual punishment.[3] On this basis, and relying on federal case law, appellees contend that Harmon failed to exhaust his administrative remedies when he failed to specify his claims for relief.
The law is well settled that summary judgment is to be granted by a circuit court only when it is clear that there are no genuine issues of material fact to be litigated, and the party is entitled to judgment as a matter of law. Hardin v. Bishop , 2013 Ark. 395, 430 S.W.3d 49. Where there is no material question of fact, we determine whether the moving party was entitled to judgment as a matter of law. City of Rockport v. City of Malvern , 2012 Ark. 445, at 3, 424 S.W.3d 870, 873. We review issues of statutory construction de novo, as it is for this court to interpret a statute. Id. , 424 S.W.3d at 873.
The circuit court erred when it granted summary judgment on evidence presented by appellee that Harmon had failed to exhaust his due-process and tort claims as required by the PLRA. The PLRA is a federal law that is not applicable to actions brought against public officials in their individual capacities under ACRA and Arkansas tort law. While ACRA is guided by federal law as to *689 actions filed pursuant to § 1983, there is nothing in ACRA that references the applicability of the PLRA. See Ark. Code Ann. § 16-123-105(c) (stating in pertinent part that when construing this section, a court may look for guidance to state and federal decisions interpreting 42 U.S.C. § 1983 ).
Harmon did not file a civil rights action under § 1983 but limited his claim to one brought pursuant to ACRA and alleged a due-process violation pursuant to article 2 of the Arkansas Constitution. Arkansas has not enacted a law similar to the federal statute that requires exhaustion of administrative remedies before lodging an action for compensatory damages based on allegations of the violation of constitutional rights. In Arkansas, exhaustion is generally required when a party is seeking a declaratory judgment or injunctive relief. See Ahmad v. Beck , 2016 Ark. 30, 480 S.W.3d 166 (declaratory-judgment actions are intended to supplement, rather than replace, ordinary actions and litigants must therefore exhaust their administrative remedies before seeking a declaratory judgment); see also Hotels.com, L.P. v. Pine Bluff Advert. & Promotion Comm'n , 2013 Ark. 392, 430 S.W.3d 56 ; Prof'l Bail Bondsman Licensing Bd. v. Frawley , 350 Ark. 444, 88 S.W.3d 418 (2002). Furthermore, the exhaustion of administrative remedies is not required when no genuine opportunity for adequate relief exists or when an administrative appeal would be futile. Ahmad , 2016 Ark. 30, 480 S.W.3d 166 ; see also Cummings v. Big Mac Mobile Homes, Inc. , 335 Ark. 216, 222, 980 S.W.2d 550, 553 (1998) (When a plaintiff prays for relief that is clearly not available at the administrative level, exhaustion of available administrative remedies is not required.).
Thus, the circuit court erred in granting the appellees' motion for summary judgment and dismissing Harmon's case based on his failure to exhaust his administrative remedies. Accordingly, we reverse and remand.
Reversed and remanded; motion moot.
Womack, J., concurs.

Harmon alleges in his complaint and in his argument on appeal that he had been placed in punitive isolation and was due to be released on June 10, 2014, but that the named defendants intentionally extended his stay in punitive isolation through July 7, 2014.

Arkansas has not recognized a cause of action for "excessive confinement."

Harmon filed two grievances dated June 12, 2014. One of these grievances named Jackson and Washington and stated that these two ADC employees had intentionally refused to release him from punitive isolation after his term had expired. The duplicate grievance alleged that Watson had conspired with Jackson to extend his term of punitive isolation in violation of his Eighth Amendment right against cruel and unusual punishment. Both grievances were appealed to the ADC Chief Deputy/Assistant Director who concluded that Harmon's extended stay in punitive isolation was due to the unavailability of bed space in the nonpunitive block.