MIKE MURPHY, Judge *892 Appellants Bobby and Jo Ann Brewer appeal the September 26, 2018 order of the Sharp County Circuit Court denying their petition for guardianship of their seven-year-old granddaughter, AB, and awarding guardianship of AB to appellee Donna Renee Bair-Massey (Renee). On appeal, the Brewers argue that Massey failed to establish that she was qualified or suitable to act as guardian, and that the guardianship order was not in the child's best interest. We affirm and grant the appellee's motion for costs for cross-designating the record.
At the May 2014 hearing, the court terminated the guardianship, finding that Hayley was a fit and proper parent. Hayley was awarded custody of AB. Even still, the court noted that Renee and AB were bonded; thus, it also found that it was in the best interest of AB to have some visitation with Renee. This arrangement continued, and in November 2014, the parties entered an agreed order providing that "the parties have agreed that it is in [AB]'s best interest to have permanent visitation with [Renee]." It then set up a new visitation schedule.
In April 2016, Renee filed an emergency petition for appointment of guardian of AB. In it, she alleged that, since August 2015, the child had been living with the Brewers, had been taken out of counseling, and the Brewers were interfering with the visitation between AB and Renee. She further alleged that there had been an incident in which Jo Ann Brewer had assaulted her at the child's school, that Hayley had called Renee asking her to care for AB for a few days, and that Hayley was "on the run from DHS and law enforcement." In May 2016, the court found that Hayley was no longer living in Sharp County and that there was an immediate need for guardians for her minor children. The court granted guardianship of SO and RO to the Brewers and of AB to Renee. It found that it was in the best interest of the children to have sibling visitation and set up a visitation schedule in which the Brewers would have AB every other weekend, alternating holidays, and two weeks in the summer. Hayley was not to have unsupervised visitation with the children absent further order from the court.
On April 27, 2017, the ad litem filed an emergency petition to suspend visitation between AB and the Brewers. In it, the ad litem alleged that the Brewers had rented two hotel rooms two weekends earlier and had allowed Hayley unsupervised visitation with the children in one of the rooms. Robert McCallie, the children's putative father, who was to have no contact with *893 the children due to his criminal history, was also there. During the visit, both SO and her friend whom SO had brought with her to the hotel were sexually harassed by McCallie. McCallie was later charged with two counts of sexual indecency with a minor, and Hayley was charged with endangering the welfare of a minor, obstructing governmental operations, and contributing to the delinquency of a minor. A hearing was held on the emergency petition on May 15, 2017, and after hearing testimony and reviewing the exhibits, the court suspended visitation between AB and the Brewers.
Final hearings on competing guardianship petitions for AB were held on November 16, 2016, and June 27, 2017. The court also took judicial notice of the events from the May 15, 2017 hearing. The court heard testimony from a school resource officer from AB's school that AB was well adjusted and making good grades. The officer testified about the event that took place in April 2016 when Jo Ann assaulted Renee. Renee and two witnesses testified on her behalf about Renee's relationship with AB. The Brewers both testified about their relationships with Hayley, Renee, and all of Hayley's children. They testified that they love AB and want to raise her with her siblings, take her to church, and care for her. Jo Ann testified about the circumstances surrounding the incident with McCallie at the hotel. The teenage children, RO and SO, each testified about their relationships with AB and their grandparents. At the conclusion of the testimony, the ad litem recommended that AB continue in Renee's custody based on her observations over the last three and a half years of representing AB's interests in this case.
From the bench, the court remarked that it had noticed over the course of the proceedings that the Brewers have a weak spot for Hayley based on the incident at the hotel with McCallie. It also chastised the Brewers for some other parenting decisions they had made, including allowing their adopted son (another of Hayley's children, then aged four) to live with Hayley and letting SO's boyfriend live with them and sleep in SO's room. The court stated that it was obvious all parties loved AB, and that it understood that the Brewers wanted to raise AB themselves, but that "it falls to this Court to make sure, to help you all to make sure that this child doesn't undergo some of the things that some of these other children have had to undergo because of their mother." It found that Hayley was an unfit parent, and it found that awarding guardianship of AB to Renee was in AB's best interest. The Brewers' petition for guardianship was granted as to SO and RO and denied as to AB.
The Brewers now appeal, arguing that the court erred in denying their petition for guardianship of AB and granting Renee's.
We review probate proceedings de novo, but we will not reverse a finding of fact by the circuit court unless it is clearly erroneous. Donley v. Donley , 2016 Ark. 243, 493 S.W.3d 762. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. Id. When reviewing the proceedings, we give due regard to the opportunity and superior position of the circuit court to determine the credibility of the witnesses. Id.
Arkansas Code Annotated section 28-65-210 (Repl. 2012) provides that before appointing a guardian, the court must be satisfied that (1) the person for whom a guardian is prayed is either a minor or otherwise incapacitated; (2) a guardianship is desirable to protect the interests of the *894 incapacitated person; and (3) the person to be appointed guardian is qualified and suitable to act as such. When the incapacitated person is a minor, the key factor in determining guardianship is the best interest of the child. Light v. Duvall , 2011 Ark. App. 535, 385 S.W.3d 399.
The Brewers first argue that Renee is not qualified or suitable to act as guardian and that the record does not support any finding that she is. Arkansas Code Annotated section 28-65-203(a) (Supp. 2017) sets out the qualifications the petitioner must possess in order to be a guardian: "A natural person who is a resident of this state, eighteen years or older, of sound mind, not a convicted and unpardoned felon is qualified to be appointed as guardian of the person and estate of an incapacitated person." This statute further provides that "a person whom the court finds to be unsuitable to perform the duties incident to the appointment shall not be appointed guardian of the person or estate of an incapacitated person." Ark. Code Ann. § 28-65-203(g). The probate code contains no definition of "unsuitable"; however, the supreme court has provided the following guidance:
The statutory word "unsuitable" gives wide discretion to a probate judge.... Such a finding may also be based upon the existence of an interest in conflict with his duty, or a mental attitude toward his duty or toward some person interested in the estate that creates reasonable doubt whether the executor or administrator will act honorably, intelligently, efficiently, promptly, fairly, and dispassionately in his trust.
Here, there was ample evidence before the circuit court that Renee was qualified and suitable to serve as guardian. By the time the final order was entered in this case, the court had developed a considerable rapport with all the parties. Renee had served as guardian of AB on two prior occasions, and the court heard evidence about Renee, AB's home environment with Renee, and how Renee interacted with and cared for the child.
The Brewers contend that the court ignored the order of preference in Arkansas Code Annotated section 28-65-204(b)(4) (Repl. 2012), which provides, in part, that "the court shall appoint as guardian of an incapacitated person the one most suitable who is willing to serve, having due regard to ... [t]he relationship by blood or marriage to the person for whom guardianship is sought." However, the court did regard the Brewers' relationship with their granddaughter in making its considerations, specifically finding that AB's best interest would be better met in the care and custody of Renee, especially considering the Brewers' past poor judgment when it comes to dealing with Hayley.
The Brewers next argue that granting Renee's petition and denying theirs was not in AB's best interest. Again, we disagree. The record before us demonstrates that while in Renee's custody, AB is loved and well adjusted. She makes good grades at school. She calls Renee "mom." The record also demonstrates that the court believed that Renee would be the better person to parent AB, given the Brewers' relationship with Hayley. The court's best-interest findings are supported, and we are not left with a definite and firm conviction that a mistake has been made.
Finally, while this case was pending, Renee filed a motion to complete the record. We treated the motion as one to cross-designate the record and granted it in part and passed the associated request for costs until the case was submitted.
*895 Renee's motion for costs associated with preparing and filing the supplemental record is granted.
Affirmed; motion for costs granted.