Cite as 2020 Ark. App. 132

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-19-474

| | |
|---|---|
| | **Opinion Delivered:** February 19, 2020 |
| IN THE MATTER OF THE GUARDIANSHIP OF MATTHEW HELTON, AN INCAPACITATED ADULT | APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26PR-18-481] |
| MATTHEW HELTON                  APPELLANT | HONORABLE THOMAS LYNN WILLIAMS, JUDGE |
| V. | REVERSED |
| MELANIE STOGSDILL AND JOHN STOGSDILL             APPELLEES | |

**MIKE MURPHY, Judge**

Appellant Matthew Helton appeals the February 19, 2019 order of the Garland County Circuit Court awarding guardianship of his person and estate to his mother and her husband, appellees Melanie and John Stogsdill. Matthew makes three arguments on appeal, but we need address only one: whether the statutory requirements for entry of guardianship by reason of incapacity were met. We hold that they were not, and we reverse.[1]

On August 21, 2018, Melanie and John Stogsdill petitioned the circuit court for guardianship of Melanie's son, Matthew Helton. In that petition they alleged that Matthew, who was thirty-three at the time, was incapacitated and required a guardianship of his person

---

[1]This is a one-brief appeal.

and estate. Included with that petition was an affidavit from Dr. Michael Gersch wherein Dr. Gersch averred that he was Matthew's principal treating physician and that Matthew has severe and uncontrolled diabetes, high blood pressure, and end-stage renal disease. He stated that Matthew "continues to make very, very, very poor choices, like a toddler," including "[d]emanding to leave hospital [against medical advice] because he didn't get the breakfast he wanted." He further stated that Matthew's intellectual functioning is below average, he makes poor choices, and he will check himself out of medical facilities. Dr. Gersch stated that Matthew was "making choices that will lead to his death."

On August 23, 2018, Mark Helton, Matthew's father, petitioned the court for guardianship of Matthew. Matthew consented to guardianship by his father and expressly objected to the appointment of his mother. A hearing was held on August 24 on the competing petitions. Melanie testified about her concerns with Mark's being appointed guardian. Mark testified about his living arrangements and his relationship with Matthew. The court found that a guardianship was necessary and that the Stogsdills were in a better position to deal with Matthew and appointed them as temporary guardians.

A hearing for the permanent order of guardianship was held on November 19. Mark withdrew his petition, and Matthew opposed the petition of his mother and stepfather.

The first witness to testify at that hearing was Cathy Atlas, the administrator at Heritage of Hot Springs, the nursing home and rehabilitation facility where Matthew was a patient. Cathy testified that since the Stogsdills' appointment, Matthew was doing much better—he was more compliant—and his health and behavior had stabilized. She was doubtful Matthew would ever reach a point he could care for himself.

The next witness was Chastity Golden. She is Matthew's nurse at Heritage of Hot Springs. She testified that it was her opinion that Matthew's health and behavior have improved since the entry of the temporary guardianship. Melanie then took the stand. She thought Matthew's care had improved dramatically, and she opined that it was in Matthew's best interest to stay at Heritage of Hot Springs. She was aware that her son objected to her being his guardian.

The final witness was Matthew. He testified that since the appointment, he does not have a car, a home, or income. He is assisted by the Heritage of Hot Springs staff on a daily basis including medical treatment and administration of necessary medications. He testified that he recently refused necessary medications because the staff brought him scrambled eggs (he had to eat with this medication), and he does not like scrambled eggs. He said that he does not want to remain at Heritage of Hot Springs, and he believes he can take care of himself.

Without objection, the court received the records of Heritage of Hot Springs pertaining to Matthew's treatment and care. Those records contain the diagnoses and treatment notes of Matthew's attending physicians and nurses and detail Matthew's end-stage renal disease, labile blood sugars, history of depression, history of suicide attempts and ideations, inability to physically care for himself, lack of mental capacity to care for himself, inability to handle day-to-day household chores, and inability to maintain a healthy blood sugar without medical assistance. The court found that these records substantiated the affidavit of Dr. Gersch and the testimony of the witnesses.

The circuit court found that Matthew was thriving with the guardianship in place and saw no reason to change it. It awarded final guardianship of Matthew's person and estate to the Stogsdills. Matthew appeals.

On appeal, he argues that (1) there was insufficient evidence to support the entry of a guardianship in the absence of certain statutory requirements; (2) the circuit court abused its discretion when it did not take Matthew's preference into consideration for who should be appointed guardian; and (3) that there was insufficient evidence to establish that Matthew is incapacitated. We agree with his first point that certain statutory requirements were not met.[2]

We review probate proceedings de novo, but we will not reverse a finding of fact by the circuit court unless it is clearly erroneous. *In re Guardianship of A.B.*, 2018 Ark. App. 529, at 5, 562 S.W.3d 891, 893. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Id*. When reviewing the proceedings, we give due regard to the opportunity and superior position of the circuit court to determine the credibility of the witnesses. *Id*.

Matthew first argues that certain statutory requirements for establishing incapacity were not satisfied, and this requires reversal. Arkansas Code Annotated section 28-65-211(b)(1) (Repl. 2012) provides that

> [i]n determining the incapacity of a person for whom a guardian is sought to be appointed for cause other than minority, disappearance, or detention, or confinement by a foreign power, the court shall require that the evidence of incapacity include

---

[2]Because we agree with his first point on appeal and reverse on this point, we need not address his additional arguments.

the oral testimony or sworn written statement of one (1) or more qualified professionals, whose qualifications shall be set forth in their testimony or written statements.

Subsection (b)(2) provides that

[i]f the alleged incapacitated person is confined or undergoing treatment in an institution for the treatment of mental or nervous diseases or in a hospital or penal institution, one (1) of the professionals shall be a member of the medical staff of that hospital or institution.

Finally, when a guardianship for the purpose of incapacity is sought, Arkansas Code Annotated section 28-65-212(b) requires that an evaluation be performed by a professional with expertise appropriate for the respondent's alleged incapacity and that evaluation shall include the following:

(1) The respondent's medical and physical condition;

(2) His or her adaptive behavior;

(3) His or her intellectual functioning; and

(4) Recommendation as to the specific areas for which assistance is needed and the least restrictive alternatives available.

Ark. Code Ann. § 28-65-212 (Supp. 2019).

Matthew asserts that there was no compliance with the above provisions because (1) there was no oral testimony or sworn written statement by a qualified professional member of the medical staff at Heritage of Hot Springs, and (2) there was no evaluation introduced that outlined each element required by section 28-65-212. We agree with Matthew that there is nothing in this record that satisfies the requirements of section 28-65-212.[3]

---

[3]We disagree with Matthew's contention that the requirements of 28-65-211(b)(2) were not met because Heritage of Hot Springs is not a facility as contemplated by this section. *See Hale v. Coffman*, 2016 Ark. 36, 480 S.W.3d 861.

To elaborate, the closest thing to such an evaluation in this record is the affidavit of Dr. Gersch, which was attached as an exhibit to the emergency petition. At best, that affidavit established Matthew's medical and physical condition, adaptive behavior, and intellectual functioning. It, however, does not contain any recommendation as to the specific areas for which assistance is needed and the least restrictive alternatives available as required by section 28-65-212(b)(4). Our supreme court has held that compliance with section 28-65-212(b) is mandatory, and the professional evaluation of an alleged incompetent must include those four specific findings. *In re Bailey*, 299 Ark. 352, 354, 771 S.W.2d 779, 781 (1989) ("The word 'shall' when used in a statute means that the legislature intended mandatory compliance with the statute unless such an interpretation would lead to absurd results."); *see also Cogburn v. Wolfenbarger*, 85 Ark. App. 206, 148 S.W.3d 787 (2004). The statutory elements were not satisfied; therefore, we reverse.

Reversed.

WHITEAKER and HIXSON, JJ., agree.

*Mary Beth Chapman*, for appellant.

One brief only.