Cite as 2021 Ark. App. 250

# ARKANSAS COURT OF APPEALS
DIVISION IV
**No.**   CV-20-589

| | |
|---|---|
| IN THE MATTER OF GUARDIANSHIP OF THE PERSON OF PATRICIA PITTS | **Opinion Delivered:**  May 19, 2021 |
| LISA PITTS<br><br>APPELLANT | APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72PR-19-524-5] |
| V. | HONORABLE BETH STOREY BRYAN, JUDGE |
| ANDREW PITTS<br><br>APPELLEE | AFFIRMED |

## STEPHANIE POTTER BARRETT, Judge

This case arises from the appointment of Andrew Pitts as permanent guardian for his mother Patricia "Patty" Pitts.  Appellant Lisa Pitts appeals the Washington County Circuit Court's order denying her motion to dissolve the guardianship of her mother held by appellee, Andrew Pitts, her brother.  Lisa raises three points for our review: (1) that the circuit court erred in finding Patty to be legally incapacitated; (2) that the circuit court erred in denying her motion to dissolve the guardianship because Lisa did not receive proper notice under Ark. Code Ann. § 28-65-207 (Repl. 2013); and (3) that the circuit court erred in failing to consider Patty's wishes set forth in her durable healthcare power of attorney (POA).  We affirm.

Lisa and Andrew are two of the five children of Patty and Don Pitts.  Patty was diagnosed with advanced dementia prior to 2009.  In 2008, Patty executed a POA designating her husband, Don, as her attorney in fact and her five children as successor co-attorneys who were to act by "majority vote."  Don died on September 9, 2019; thus, the five Pitts children were

to act on Patty's behalf by majority vote under the POA. Four of the siblings agreed that a guardianship was necessary for Patty and that Andrew should be appointed as Patty's guardian.

On June 27, 2019, Andrew filed a petition for appointment of temporary guardian of Patty's person under Ark. Code Ann. § 28-65-218 (Repl. 2012), alleging that Patty, who was seventy-eight years old, was incapacitated and unable to make decisions to meet the essential requirements for her health and her safety. The petition for temporary guardianship was granted on July 1, 2019. On September 24, Andrew filed a petition for appointment of permanent guardianship of the person, alleging that a guardianship was necessary due to Patty's mental incapacity. In accordance with Ark. Code Ann. § 28-65-205 (Repl. 2012), the petition listed Patty's five children as the persons most closely related to her by blood or marriage. Further, in accordance with Ark. Code Ann. § 28-65-207(b)(6) (Repl. 2012), Andrew provided notice to one of his siblings, Kellie A. Lavy, as one of Patty's nearest competent relatives by blood or marriage. This petition was also supported by an affidavit from Dr. Ratcliff, who set forth his medical background, qualifications and recent medical evaluation of Patty in a letter attached as Exhibit A. He averred that Patty had suffered from advanced dementia for over ten years, required constant supervision, was cognitively unable to make financial decisions or see to her health and safety needs, and was unable to make decisions affecting her person. The circuit court granted Andrew's petition for permanent guardianship on September 30.

On December 6, Lisa filed a petition for reasonable visitation alleging Andrew was unreasonably denying her requests to visit with Patty. On December 23, Lisa filed a petition for the appointment of guardian ad litem, alleging that Andrew was not representing Patty's best interest and that a guardian ad litem could serve as an unbiased and objective third party to the matter.

Andrew filed an answer and motion to dismiss Lisa's petition for reasonable visitation. He denied Lisa's allegations and argued that Lisa's petition failed to allege a single fact that he was unreasonably interfering with or denying Lisa visitation with Patty under Ark. Code Ann. § 28-65-110 (Supp. 2019), which provides that if a relative has reason to believe, coupled with facts to substantiate his or her belief, that the guardian of a ward is unreasonably interfering with or denying visitation between the relative and the ward, the relative may file a petition for reasonable visitation. Andrew admitted that he denied Lisa visitation with Patty because it was detrimental to Patty; however, he argued that denial alone was not unreasonable and did not satisfy the pleading requirement of § 28-65-110(a)(2)(D). Andrew also filed a motion for protective order, to stay discovery,[1] and to quash subpoenas on December 27 asking the circuit court to stay discovery until the disposition of his motion to dismiss. Andrew filed a response to Lisa's petition for appointment of guardian ad litem on January 13, 2020, denying that a guardian ad litem was necessary.

A hearing was held on Lisa's petition for the appointment of a guardian ad litem and Andrew's motion to dismiss on January 22. The circuit court denied Andrew's motion to dismiss, finding there had been allegations of undue influence that may or may not have actually occurred but that testimony at a future hearing would be necessary. The circuit court also appointed a master who was not Patty's sibling or child to make recommendations to the court as it related to visitation.

---

[1]Lisa had served subpoenas for the deposition of Andrew Pitts, Dr. Ratcliff, and Brandi Schneider and for the production of documents to Washington Regional Medical Center and to the University of Arkansas for Medical Sciences for Patty's medical records for the past eleven years.

On April 7, Lisa moved to dissolve the guardianship claiming Patty's guardianship was void because Andrew had failed to meet the statutory requirements under Ark. Code Ann. §§ 28-65-211(b)(1) and –212(b) and had failed to establish Patty's incapacity by sworn testimony from a qualified medical professional. She also alleged that she was entitled to notice of Andrew's petition for guardianship under Ark. Code Ann. § 28-65-207(b)(4).

Andrew filed a response to Lisa's motion to dissolve guardianship on April 24. He argued that Lisa's claim that the guardianship was void and must be dissolved was without merit because (a) Dr. Ratcliff's medical evaluation met the statutory requirement under Ark. Code Ann. §§ 28-65-211(b)(1) and –212(b); (b) there was no legal basis for the dissolution of a guardianship under Arkansas law; (c) Lisa's arguments constituted an untimely and procedurally improper collateral attack on the 2019 guardianship order; (d) there was no basis to terminate Patty's guardianship; and (e) Lisa did not have standing to challenge the guardianship. He further asserted that he met the minimum requirements for a guardian under Arkansas law and that he had provided notice of guardianship in accordance with Arkansas law.

On August 28, the circuit court denied Lisa's motion to dissolve the guardianship, finding that the professional evaluation provided to the court in support of the guardianship complied with Ark. Code Ann. §§ 28-65-211(b)(1) and –212(b) and that all notice provisions had been complied with under Ark. Code Ann. § 28-65-207. The circuit court allowed sixty additional days for discovery on the visitation issue and ordered a trial date to be scheduled immediately on the visitation issue. This appeal followed.

This court reviews probate proceedings de novo, but we will not reverse a finding of fact by the circuit court unless it is clearly erroneous. *In re Guardianship of Helton*, 2020 Ark. App. 132, 594 S.W.3d 903. A finding is clearly erroneous when, although there is evidence to

4

support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. *Id.* When reviewing the proceedings, we give due regard to the opportunity and superior position of the circuit court to determine the credibility of the witnesses. *Id.*

Lisa's motion to dissolve the guardianship is essentially a motion to vacate the 2019 guardianship order, as she alleged inadequate notice and inadequate physician's statement, which are direct attacks on the original guardianship order. Because Lisa's motion is essentially a motion to vacate, it is governed by Rule 60. Under Rule 60, a circuit court may modify or vacate an order to correct errors or mistakes or to prevent the miscarriage of justice within ninety days of the filing of the order with the clerk. Ark. R. Civ. P. 60(a)(2020). A circuit court may correct clerical mistakes in an order at any time—even beyond ninety days of its entry. Ark. R. Civ. P. 60(b). Absent a clerical error, oversight, or omission, the circuit court may not modify or amend an order more than ninety days after entry unless one of the exceptions in Rule 60(c) applies. *See Hollins v. Hollins*, 2009 Ark. App. 319, at 1. Rule 60(c) provides the specific, exclusive circumstances in which the court has the power, after the expiration of ninety days of the filing of the order, to vacate or modify such order, none of which are applicable in this matter.

Here, under Rule 60(a), Lisa had ninety days from the filing of the September 30, 2019 guardianship order to move to modify or vacate the order. During that ninety-day period following the order's entry, she filed a petition for reasonable visitation with the circuit court. Six months later, she moved to dissolve the guardianship on the basis that it was void.

A collateral attack is defined as "an attack on a judgment in a proceeding other than a direct appeal." *Fed. Nat'l Mortg. Ass'n v. Taylor*, 2015 Ark. 78, at 6, 455 S.W.3d 811, 815 (quoting *Black's Law Dictionary*, 318 (10th ed. 2014)). Generally, judgments are not subject to

5

collateral attack unless they are void on the face of the record or are issued by a court lacking jurisdiction. *Torres v. Jones*, 2014 Ark. App. 634, 448 S.W.3d 719. They cannot be collaterally attacked for mere error or irregularity. *Id*. The guardianship order in this case is not void on its face and the circuit court had proper jurisdiction. Therefore, the order cannot be subject to Lisa's collateral attack. Because appellant is procedurally barred from proceeding in this appeal, this court will not address the merits.

Affirmed.

GRUBER and WHITEAKER, JJ., agree.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Megan D. Hargraves*, *Karen P. Freeman*, *Stuart P. Miller*, and *Micah L. Goodwin*, for appellant.

*Kendall Law Firm, PLLC*, by: *Donald B. Kendall* and *Susan Keller Kendall*, for appellee.