Cite as 2021 Ark. App. 395

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-20-674

| | |
|---|---|
| FRANKLIN SCOTT PIERCE | **Opinion Delivered** October 20, 2021 |
| APPELLANT | APPEAL FROM THE PERRY COUNTY CIRCUIT COURT [NO. 53PR-20-31] |
| V. | |
| VERONICA SERAPHINE WHITEHILL | HONORABLE MORGAN E. WELCH, JUDGE |
| APPELLEE | AFFIRMED |

## N. MARK KLAPPENBACH, Judge

This appeal concerns the October 2020 order of the Perry County Circuit Court that dismissed appellant Franklin Scott Pierce's petition to be appointed guardian of his elderly sister, appellee Veronica Seraphine Whitehill. We affirm.

Whitehill has no children, resides in Connecticut, and has Alzheimer's-type dementia. In early 2018, Whitehill was hospitalized in Connecticut. The hospital would not discharge her without safety precautions in place, so the hospital filed a petition in Connecticut seeking the appointment of someone to handle Whitehill's personal care and decisions related to Whitehill's property. Pierce, who is Whitehill's only sibling, is in his seventies and lives in Arkansas. Pierce was present for the Connecticut hearing. In a March 2018 order, the Connecticut probate court appointed a Connecticut attorney, Sarah Ripegno, to be Whitehill's conservator, vested with authority to make decisions regarding Whitehill's personal care and property. Pierce did not appeal the Connecticut order.

In June 2020, Pierce filed a petition in an Arkansas probate court seeking to be appointed his sister's guardian and asked that Whitehill be transferred to an Arkansas care facility near his home.[1] Pierce expressed his increasing concerns over the care his sister was receiving in Connecticut and the control being exerted over her estate, which he valued at approximately $10 million. Pierce also believed that Ripegno had not fulfilled her fiduciary duties to Whitehill.

In July 2020, Whitehill's Connecticut attorney faxed and mailed a letter with exhibits to the Arkansas probate court. The letter and exhibits were also sent to Pierce, Whitehill, the Connecticut probate judge, and Ripegno. The letter contained Whitehill's attorney's objection to Pierce's petition; an explanation of the good care being provided to Whitehill in Connecticut with in-home caregivers; Whitehill's desire to stay in her home and not to move to any facility; and the lack of a familial bond between Whitehill and Pierce, both before and after Whitehill's mental decline. The exhibits included letters from Whitehill's two in-home caregivers, a letter from Whitehill's treating physician, and Ripegno's conservator status report; all the exhibits had been authored in July 2020.

Pierce was the sole witness to appear at the August 2020 hearing in Arkansas. The probate judge reviewed the Arkansas case file and the Connecticut probate-court order. The probate judge also considered Pierce's legal arguments on why his sister should be transferred to Arkansas and why he should be appointed her guardian. The judge then told Pierce, in

---

[1]Throughout the Arkansas proceedings, Pierce has represented himself. Pro se litigants receive no special consideration of their arguments and are held to the same standards as licensed attorneys. *See Lucas v. Jones*, 2012 Ark. 365, 423 S.W.3d 580; *Crutchfield v. Tyson Foods, Inc.*, 2017 Ark. App. 121, 514 S.W.3d 499.

essence, that Pierce could not start anew in Arkansas when there was an existing probate-court order and an existing conservator in Connecticut. In October 2020, the Arkansas court filed a formal order that dismissed Pierce's Arkansas petition, and Pierce appealed. We affirm.

We review probate proceedings de novo, but we will not reverse a finding of fact by the circuit court unless it is clearly erroneous. *In re Guardianship of Helton*, 2020 Ark. App. 132, 594 S.W.3d 903. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court is left with a definite and firm conviction that a mistake has been made. *In re Guardianship of Kennedy*, 2020 Ark. App. 311, 603 S.W.3d 551. We are not left with a definite and firm conviction that a mistake was made in this case.

Pierce recognizes that this case is controlled by the Uniform Adult Guardianship and Protective Proceedings Jurisdiction Act ("UAGPPJA"), which Arkansas enacted via Arkansas Code Annotated sections 28-74-101 et seq. (Repl. 2012). As stated by Pierce, the goal of the UAGPPJA is to ensure "that only one state will have jurisdiction at any one time."[2]

Except in special circumstances that are not applicable here, "a court that has appointed a guardian has exclusive and continuing jurisdiction over the proceeding until it is terminated by the court or the appointment or order expires by its own terms." Ark.

---

[2]Pierce recognizes that Connecticut, too, adopted the uniform law and titled it the "Connecticut Uniform Adult Protective Proceedings Jurisdiction Act," in which the Act defines the roles of "conservator" of the estate and of the person. *See* Conn. Gen. Stat. Ann. § 45a-667a (Westlaw current through June 2021 special session). Pierce uses the terms "conservator" under Connecticut law and "guardian" under Arkansas law interchangeably.

Code Ann. § 28-74-205. In this case, a Connecticut probate court issued an order in 2018 establishing Ripegno as the person with the authority to make decisions on Whitehill's behalf that affect her personal care and the administration of her property, so Connecticut has exclusive and continuing jurisdiction over this guardianship matter pursuant to the UAGPPJA.[3] Notably, Pierce does not address the application of section 28-74-205. Absent special circumstances, if another state's court has jurisdiction in a UAGPPJA case, an Arkansas court must dismiss a petition filed in Arkansas unless the other state's court determines that the Arkansas court is a more appropriate forum. *See* Ark. Code Ann. § 28-74-209. Connecticut did not determine that Arkansas was the more appropriate forum, so the Arkansas court properly dismissed Pierce's petition.

Nonetheless, Pierce asserts that Arkansas has jurisdiction to consider his petition by virtue of other provisions in the Arkansas Code, and in particular, Arkansas Code Annotated section 28-74-203:

> A court of this state has jurisdiction to appoint a guardian or issue a protective order for a respondent if:
>
> (1) this state is the respondent's home state;
>
> (2) on the date the petition is filed, this state is a significant-connection state and:
> (A) the respondent does not have a home state or a court of the respondent's home state has declined to exercise jurisdiction because this state is a more appropriate forum; or
> (B) the respondent has a home state, a petition for an appointment or order is not pending in a court of that state or another significant-connection state, and, before the court makes the appointment or issues the order:

---

[3]There are statutory procedures in Arkansas under the UAGPPJA for an existing guardian or conservator to request a transfer of (1) an existing Arkansas guardianship or conservatorship to another state, and (2) an existing guardianship or conservatorship from another state to Arkansas. Ark. Code Ann. § 28-74-301 and § 28-74-302.

4

(i) a petition for an appointment or order is not filed in the respondent's home state;

(ii) an objection to the court's jurisdiction is not filed by a person required to be notified of the proceeding; and

(iii) the court in this state concludes that it is an appropriate forum under the factors set forth in § 28-74-206;

(3) this state does not have jurisdiction under either paragraph (1) or (2), the respondent's home state and all significant-connection states have declined to exercise jurisdiction because this state is the more appropriate forum, and jurisdiction in this state is consistent with the constitutions of this state and the United States; or

(4) the requirements for special jurisdiction under § 28-74-204 are met.

Pierce does not assert that Arkansas is Whitehill's home state or that "special jurisdiction" exists in this case, rendering our consideration of subsections 28-74-203(1) and (4) unnecessary. Subsection (3) does not apply here because, undisputedly, Whitehill's home state had already exercised jurisdiction over this matter, Arkansas did not exercise jurisdiction, and there are no other alleged "significant-connection states."

This leaves Pierce's contention that subsection 28-74-203(2) applies. We disagree. Subdivision (2)(A) is inapplicable because Whitehill's home state had already exercised jurisdiction over this matter.

Subdivision (2)(B) does not apply either. Assuming arguendo that Arkansas is a significant-connection state, which we do not decide, one of the three additional conditions in subdivision (2)(B) is that "an objection to the court's jurisdiction is not filed by a person required to be notified of the proceeding[.]" Ark. Code Ann. § 28-74-203(2)(B)(ii). Whitehill's Connecticut attorney did lodge an objection to Pierce's Arkansas petition by sending a letter with exhibits to explain and support Whitehill's objection. It is unnecessary

5

to address the two remaining conditions required by section 28-74-203(2)(B)(i) and (iii) because Pierce failed to fulfill the requirements of (2)(B)(ii).

In sum, the Arkansas court did not err in finding that it did not have jurisdiction over Pierce's petition for guardianship under Arkansas's UAGPPJA. Whether Pierce can or should obtain relief in the Connecticut court, which retains exclusive and continuing jurisdiction, is not for us to decide. The Arkansas court did not err when it dismissed the Arkansas petition.

Affirmed.

HARRISON, C.J., and BARRETT, J., agree.

*Franklin Scott Pierce*, pro se appellant.

*Taylor & Taylor Law Firm, P.A.*, by: *Andrew M. Taylor* and *Tasha C. Taylor*, for appellee.